## Collins v. Commonwealth.

June 15, 1945.

Hiram H. Owens for appellant.

Eldon S. Dummit, Attorney General, and H. K. Spear, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE THOMAS — Dismissing appeal.

On April 30, 1943, the grand jury of Knox County returned an indictment against the appellant, Jesse Collins, charging him with having committed the offense of detaining a woman against her will. He was tried by a jury and convicted at the immediately following term of the same court, which was on June 24 of the same year. His motion for a continuance was overruled and, following the verdict, he filed his motion for a new trial containing a number of grounds two of them being, error of the court in overruling his motion for a continuance, and newly discovered evidence. But since this is not an appeal from the judgment convicting appellant at his trial, none of the grounds contained in the motion are before us.

What happened is this: Appellant's motion for a new trial was never acted on by the court, and so far as this record shows it is still pending therein. Nevertheless the appellant prepared his bill of exceptions which he tendered and offered to file. The record recites that: "the court takes time, same is endorsed 'offered to be filed.'" But the "time" which the court took is still running, since the judge never approved, or corrected and approved, the bill of exceptions, nor was it ever filed by an order of court. In the meantime appellant was permitted to and did execute bond pending the appeal and at the time of making the order from which this appeal is prosecuted he was still at large pursuant to the terms of that bond.

On February 15, 1945, this order was entered by the

court: "On motion of the Commonwealth, the appeal having failed to be perfected in this case is hereby dismissed." Appellant excepted to that order and was granted an appeal to this court. If the order dismissing the appeal, which the trial court had granted, is valid, it was tantamount to striking the prosecution from the record so as to deprive appellant of an opportunity to perfect the record for an appeal to this court from the judgment convicting him, since that could not be done until the motion for a new trial was acted on, nor until appellant's bill of exceptions was approved by the court and an order filing it. See cases post.

It results, therefore, that the Commonwealth's motion made in this court to dismiss the appeal because no bill of exceptions or bill of evidence is contained in the record is misdirected, since the appeal is *not* from the judgment of conviction, and we properly overruled that motion.

The order appealed from is a mere nullity, since the court had no right or authority to enter it, or to in any other manner deprive appellant of his right to perfect the record for an appeal from the judgment convicting him. We have therefore concluded that the appeal should be dismissed, because the order from which it is taken was a nullity and entirely void. But because appellant, for reasons hereinafter stated, still has the right to perfect the record in the trial court so as to entitle him to appeal his conviction to this court, we have concluded to submit the following reasons for that conclusion.

The time within which an appeal may be prosecuted to this court does not begin to run until appellant's motion for a new trial is overruled, nor until a bill of exceptions is filed within time prescribed by both Codes following the overruling of the motion for a new trial. It has been expressly so held by this court in a number of cases beginning with the case of Reynolds v. Horine, 13 B. Mon. 234, followed by the cases of Louisville Chemical Works v. Com. 8 Bush 179; Com. v. Tarvin, 114 Ky. 877, 72 S. W. 13; Com. v. Wilson, 215 Ky. 743, 286 S. W. 1065; Com. v. Neal, 223 Ky. 665, 4 S. W. 2d 685, and Shepherd v. Com., 264 Ky. 235, 94 S. W. 2d 606. There are still others to the same effect and none to the

contrary. The same rule applies to both civil and criminal cases.

Subsection 3 of section 336 of the Criminal Code of Practice prescribes that a convicted defendant may prosecute an appeal to this court "within sixty days after the judgment" by filing within that time a transcript of the record with the Clerk of this court; but we, in the cases supra, construed that Code provision as holding that the sixty days limitation within which the appeal might be taken, does not begin to run until appellant's motion for a new trial has been adversely acted on by the trial court, since the motion suspends the judgment until such an order is entered, and it does not become final during the suspended period. Subsection 4 of the same section prescribes that "the transcript of the record may be filed in the clerk's office of the Court of Appeals, within sixty days after the bill of exceptions is made a part of the record." Both motions, the one for a new trial, and the one offering to file appellant's bill of exceptions, are still pending in the trial court, and each of which suspended the finality of the judgment of conviction until they were acted upon by that court. Therefore, the time within which appellant may prosecute an appeal to this court has never commenced and will not do so until the motion for a new trial is acted on, and after the bill of exceptions has been filed within the proper time following the overruling of the motion for a new trial.

It therefore follows that the Judge of the Knox circuit court should dispose of appellant's motion for a new trial, and if it should be overruled to then give appellant time as prescribed by the Code for filing a bill of exceptions, and to enter other necessary orders not inconsistent herewith.

Whole Court sitting.