**JONES et, Plaintiffs-Appellants, v. KAY, Defendant-Appellee.**

Ohio Appeals, Seventh District, Mahoning County.

No. 3418.   Decided March 22, 1951.

A. I. Goldman, David C. Haynes, Youngstown, for plaintiffs-appellants.

Morgan, Powers & Cooper, Youngstown, for defendant-appellee.

## OPINION

Per CURIAM.

Plaintiff and his insurance company which was subrogated in part to the rights of plaintiff, filed their petition in the court of common pleas of Mahoning County praying for judgment in the sum of $2,000.00 for damages to plaintiff's tractor.

The defendant Kay filed his answer denying the allega-

tions of the plaintiffs' petition and filed his cross petition for damages against plaintiff, Jones, and the McCullough Transfer Company, which latter company had been made a party defendant to that cross petition on motion of defendant Kay.

At the conclusion of all the evidence in the trial court the court sustained a motion for directed verdict in favor of the McCullough Transfer Company. No appeal has been prosecuted from such order.

Upon final submission to the jury on the issues joined between plaintiff, Jones, and the defendant, Kay, the jury found in favor of the defendant Kay and against the plaintiffs. On the issues joined between the defendant Kay and the plaintiff Jones on defendant's cross petition the jury found in favor of the defendant Kay and against the plaintiff Jones in the sum of $2500.00.

Before the latter verdict of the jury had been reduced to judgment Jones filed his motion for judgment notwithstanding that verdict, which was overruled by the trial court.

No judgment has ever been rendered upon the verdict of the jury in favor of the defendant Kay against the plaintiff Jones.

Plaintiff Jones filed his motion for a new trial, which this court finds to have been filed prematurely, there being no authority for a motion for a new trial to be filed until after the verdict of the jury has been reduced to judgment.

The action of the trial court in overruling the motion of plaintiff Jones for judgment notwithstanding the verdict of the jury, filed before any judgment on that verdict, is a final appealable order, and appeal was duly prosecuted therefrom to this court by plaintiff Jones upon questions of law.

From a careful reading of the record in this case, including the inconsistent answers to two interrogatories propounded to the jury, it is the conclusion of this court that there is no evidence upon which reasonable minds could find in favor of the defendant Kay against the plaintiff Jones upon Kay's cross petition, it being apparent from the record that the tractor owned by Jones and operated by his employee was not at the time of the collision being operated in the course of the employment of such driver by Jones.

In answer to interrogatory number one the jury found that at the time of the collision the tractor was being operated by the plaintiff's driver for his own pleasure. Answering interrogatory number three, the jury found the driver of the tractor was at the time of the collision acting in the course of and within the scope of his employment. As stated above the two answers are inconsistent.

The evidence abundantly supports the answer to interrogatory number one. There is no evidence from which reasonable minds could arrive at the answer given by the jury to interrogatory number three.

It follows that the judgment against plaintiff Jones and in favor of defendant Kay on the cross petition must be reversed, and this court now coming to render the judgment which should have been rendered thereon, final judgment is entered for the plaintiff Jones upon the issues joined between him and the cross petitioner Kay.

See **Bauman v. Sincavich, 137 Oh St 21,** 27 N. E. (2nd) 772; **Jakubek v. Coca-Cola Bottling Co. of Warren, 72 Oh Ap 42,** 50 N. E. (2nd) 678.

NICHOLS, GRIFFITH and PHILLIPS, JJ., concur.