Herman G. RAEBER, Jr., Appellant,

v.

COMMONWEALTH of Kentucky, Appellee.

Supreme Court of Kentucky.

Nov. 18, 1977.

Jack Emory Farley, Public Defender, Thomas R. Lewis, Asst. Public Defender, Frankfort, for appellant.

Robert F. Stephens, Atty. Gen., David H. Whalin, Asst. Atty. Gen., Frankfort, for appellee.

STEPHENSON, Justice.

Herman G. Raeber was convicted of murder, KRS 507.020, and first-degree assault, KRS 508.010. Raeber was sentenced to life imprisonment on the conviction of murder and to a term of ten years' imprisonment on the conviction of first-degree assault. The sentences were adjudged to run consecutively. We affirm.

Raeber and his wife, Wanda L. Raeber, were married for twenty-three years. For two years prior to the incident which gave rise to this prosecution, Raeber was unemployed due to an allergy condition. While Raeber was out of work, Wanda Raeber was employed at a nursing home where she became acquainted with Jerome Messer. According to Raeber, he became suspicious of the relationship, and after a quarrel with Wanda Raeber on Saturday night, she left in the family automobile. The next morning, Raeber found the family automobile parked in Messer's driveway and drove the car home. Raeber then called Messer's house and spoke with his wife. According to Raeber, she informed him that she wanted a divorce. Raeber had been drinking beer and after the telephone conversation had another beer, loaded his pistol, and placed it behind a couch in the living room.

Later Messer drove Wanda Raeber to the Raeber house, where, according to Raeber, Messer made a comment as to his sexual ability with Wanda Raeber. With this, Raeber picked up his pistol and, according to his testimony, pointed at Messer and pulled the trigger. The pistol did not fire, therefore, Raeber pulled the automatic pistol close to his chest to cock it. The pistol then went off striking his wife. Raeber then fired at Messer and chased him outside firing several times. Messer was wounded in three places on his body, but closed with Raeber and disarmed him. .Raeber then reentered his home and had another beer. Wanda Raeber, fatally wounded, was dead on the couch when the police officers arrived.

According to Messer, his relationship with Wanda Raeber was that of a good friend and there was no involvement in the sense of them being lovers. Messer also described the shooting scene differently. He testified that Raeber invited him into the house, "And the next thing I knowed, I heard her say 'Don't Sonny, don't.' I didn't know what she meant, but then I looked to see and he had that gun in his hand and he shot her and shot me . . . .."

During the course of the trial, Raeber's children testified that Raeber had continually over a period of years beaten his wife Wanda Raeber.

■ Raeber's first argument on this appeal is that it was error to admit testimony of prior assaults on his deceased wife. This argument is based principally on the inadmissibility of evidence of other crimes.

We are of the opinion that the simple answer to this argument is that the evidence is admissible to show the motive for killing, to illustrate the state of Raeber's feelings toward his wife. *Sanders v. Commonwealth,* 244 Ky. 77, 50 S.W.2d 37 (1932), and *McGeorge v. Commonwealth,* 145 Ky. 540, 140 S.W. 691 (1911). We are of the further opinion that the remoteness of the assaults does not affect the competency of this evidence but goes only to its weight and that a limiting admonition to the jury regarding the purpose for which it could consider this testimony was not required. *Childers v. Commonwealth,* 161 Ky. 440, 171 S.W. 149 (1914).

■ Raeber's second argument is that it was error to allow testimony of prior assaults on his children. There were two instances of this type question and answer, and on both occasions the trial court sustained Raeber's objection. Raeber did not request an admonition from the trial court, and his argument that the trial court had a duty to admonish in the absence of a request is answered in *Brock v. Commonwealth,* Ky., 391 S.W.2d 690 (1965), where it was held that absence of a request for an admonition to the jury operates as a waiver.

Waiver applied there when evidence was introduced for a limited purpose and defendant was entitled to an admonition. Here the evidence was incompetent, and we cannot say that Raeber was entitled to an admonition anyway.

No objection was made to the instructions, and we do not find any merit in the other arguments advanced by Raeber.

The judgment is affirmed.

All concur.