**Richard William CONLEY, Appellant,**

v.

**COMMONWEALTH of Kentucky, Appellee.**

Court of Appeals of Kentucky.

March 17, 1978.

Discretionary Review Denied Sept. 12, 1978.

Jack Emory Farley, Public Defender, Commonwealth of Kentucky, Thomas R. Lewis, Asst. Public Defender, Frankfort, for appellant.

Robert F. Stephens, Atty. Gen., John W. Stewart, Asst. Atty. Gen., Frankfort, for appellee.

Before HOWERTON, WILHOIT and WINTERSHEIMER, JJ.

HOWERTON, Judge.

Appellant was sentenced to life imprisonment on July 9, 1976, after pleading guilty to a charge of murder. This appeal is from an order of the Boone Circuit Court overruling appellant's RCr 11.42 motion.

Appellant raises three questions on this appeal. All three issues are interrelated, and generally refer to the offer and acceptance of appellant's plea of guilty.

Appellant charges that the trial court erred in overruling his motion, because the record indicates that his guilty plea was accepted without first determining that the appellant actually understood the law in relation to the facts. A similar contention is that appellant's plea was not entered voluntarily, knowingly, intelligently, or willingly.

If these two alleged errors were the only points raised on this appeal, we would summarily affirm the trial court. The record contains the "Waiver of Future Proceedings . . ." with Petition to Enter Plea of Guilty" which was signed by appellant and his counsel. The record also contains the

transcript of the examination of appellant and his counsel to support the finding in the judgment "that the defendant understands the nature of the charges against him, that the defendant's plea is voluntary, that the defendant knowingly and voluntarily waives his right to trial by jury, privilege against self-incrimination, and right of confrontation, and that there is a factual basis for the defendant's plea."

The record indicates that the requirements of *Boykin v. Alabama*, 395 U.S. 283, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969), and the requirements of RCr 8.08 have been met. On these points, the record is complete enough to affirm the trial court's action of overruling the 11.42 motion without an evidentiary hearing.

Appellant does raise a third issue, however, which requires further consideration. This issue also creates four sub-questions which will be considered by this court.

Appellant asks, "Did the trial court err to appellant's substantial prejudice by overruling his RCr 11.42 motion although the record indicated that appellant was in need of additional psychiatric evaluation at the time the guilty plea was entered and the trial court failed to conduct an evidentiary hearing to determine appellant's competency to plead guilty?"

Two of our criminal rules must be considered in the discussion of this question. They are RCr 8.06 and RCr 8.08. RCr 8.06 reads in part,

If . . . during the proceedings there are reasonable grounds to believe that the defendant is insane, the proceedings shall be postponed and the issue of sanity determined as provided by law.

RCr 8.08 reads in part,

A defendant may plead not guilty or guilty. The court may refuse to accept a plea of guilty, and shall not accept the plea without first determining that the plea is made voluntarily with understanding of the nature of the charge.

Appellant raised the question of his sanity on the day he was indicted, February 27, 1976. Appellant was examined by a psychiatrist on March 3, 1976 for the purposes of determining his competence to stand trial and his criminal responsibility and mental state at the time of the incident. The psychiatrist concluded that appellant was competent to stand trial, but he recommended additional evaluation regarding appellant's mental state at the time he strangled his victim.

The additional examination was ordered on June 28, 1976, but appellant pled guilty on July 7, 1976. There is nothing in the record to indicate that the examination was ever conducted.

The four sub-questions created by appellant's issue are as follows: (1) Is there a stricter mental standard for entering a guilty plea than for standing trial? (2) Since the trial court had ordered a further sanity hearing, should the trial judge have had "reasonable grounds" to believe that the appellant was insane and thereby postpone the proceeding, or refuse to accept his guilty plea? (3) Was the appellant entitled to a hearing on the psychiatrist's report in order to question and challenge the doctor's conclusion that the appellant was sane enough to stand trial? Finally, we must decide whether or not an evidentiary hearing was necessary in order for the trial court to properly overrule the appellant's motion regarding these questions.

■ As to the first point, it has already been determined in Kentucky that there is no higher mental standard required to enter a guilty plea than there is to stand trial. *Littlefield v. Commonwealth*, Ky.App., 554 S.W.2d 872 (1977) and *Short v. Commonwealth*, Ky., 519 S.W.2d 828 (1975). Appellant had been declared mentally competent to stand trial, and without additional or new factors being present at the time of the plea proceedings, we cannot say that the questionable mental state of the appellant at the time of the murder made the plea involuntary or without the requisite understanding.

■ The fact that a further psychiatric examination had been ordered for purposes of establishing a defense need not alone

provide the "reasonable grounds" required by RCr 8.06 to cause the trial court to stop the proceedings. After all, the trial court had an excellent opportunity to observe the appellant during the proceedings to determine if there was any hesitation, misunderstanding, involuntariness or incompetence associated with the plea. It may be that the appellant had two possible defenses, insanity and/or drunkenness, if he had gone to trial. Also, he received the maximum sentence following his plea. However, he was aided by competent counsel, and no favors were promised for his plea. The high standards of RCr 8.08 were met. The record indicates that the plea was properly made and accepted. The transcript of the plea proceeding reads as follows:

JUDGE NEACE: Mr. Zevely, have you explained the charges to Mr. Conley?

MR. ZEVELY: Yes, Your Honor, I have.

JUDGE NEACE: Have you explained to him his constitutional rights?

MR. ZEVELY: Yes, I have.

JUDGE NEACE: In your opinion, does he understand the nature of the proceedings?

MR. ZEVELY: Yes, he does.

JUDGE NEACE: Do you know any reason why he should not enter a plea of guilty to the indictment as amended?

MR. ZEVELY: No.

(At this time, Judge Neace questioned Mr. Conley and explained his rights to him.)

MR. ZEVELY: Mr. Conley has completed the Waiver of Further Proceedings with Petition to Enter Plea of Guilty, and we would ask that this be filed in the record.

JUDGE NEACE: Let it be filed. Mr. Conley, has this form been signed by you?

MR. CONLEY: Yes.

JUDGE NEACE: Do you understand the contents of it?

MR. CONLEY: Yes.

JUDGE NEACE: Did you in fact on February 21, 1976, commit the offense of murder by strangling Patricia James?

MR. CONLEY: Yes.

JUDGE NEACE: Let a plea of guilty be entered. The Court will set formal sentencing for Friday, July 9, 1976, at the hour of 9:00 a. m.

 The third sub-issue basically contends that the appellant was denied due process of law because no hearing was conducted on the question of his sanity to stand trial, thereby denying him the opportunity to challenge the reported conclusion that he was sane. Appellant's argument is supported by cases involving a court of inquiry and a lunacy inquest. It is true that when such "hearings" are conducted, the accused has the right to be present and to cross-examine the witnesses. *Hill v. Commonwealth*, Ky., 474 S.W.2d 95 (1971) and *Denton v. Commonwealth*, Ky., 383 S.W.2d 681 (1964). There was no court of inquiry or lunacy inquest involved in this action. Appellant was not about to lose his liberty by being involuntarily committed to a mental institution.

Our Supreme Court has held that RCr 8.06 requires a "hearing," if there are "reasonable grounds" to believe a defendant is insane. *Matthews v. Commonwealth*, Ky., 468 S.W.2d 313 (1971). See also, *Pate v. Robinson*, 383 U.S. 375, 86 S.Ct. 836, 15 L.Ed.2d 815 (1966). No error would exist if the trial court had chosen to conduct a hearing. If a hearing had been held, the appellant would have had the right to examine the psychiatrist. But, was it error not to conduct a hearing?

The criminal rules allow the trial judge a wide latitude in determining in the first instance whether or not to require that the accused be examined. The question therefore remains whether or not there were such "reasonable grounds" as to require the trial court to order additional proceedings on the appellant's competency to stand trial. *Pate, id.*, and *Matthews, supra*, require a hearing when such doubt exists. If it is not obvious, it must be called to the attention of the trial court. In this case, the appellant raised the question, but when the psychiatric report indicated appellant could stand trial, this fact was apparently accepted by all. No evidentiary hearing was ever requested, and the only additional request

for inquiry was again made by the appellant and for the sole purpose of determining his sanity at the time he committed the murder. See also, *Blankenship v. Commonwealth*, Ky.App., 554 S.W.2d 898 (1977).

The trial judge had no "reasonable doubt" concerning the appellant's sanity to stand trial or to plead guilty. He questioned him and observed him, and had considered the doctor's report. There were no obvious "grounds" as there were in the case of *Via v. Commonwealth*, Ky., 522 S.W.2d 848 (1975). If the trial judge ever had any personal doubt about appellant's sanity, it was reasonably removed by the facts presented in the report and by the conclusion in the report.

When we look at the entire situation in this case, we cannot say that the trial judge overlooked any obvious sanity question, or that he abused his discretion in any way. Furthermore, we are not inclined to rule that an evidentiary hearing must be held in any and every case where one has been examined by a psychiatrist on a question of sanity to stand trial, especially when the result of the examination is negative and when no additional request is made for further examination on the same question, and when no additional request is made for a hearing. Any such request must be made before the trial or guilty plea.

RCr 11.42(5) provides for an evidentiary hearing on the motion to vacate, if issues of fact cannot be determined on the face of the record. Here, the record of the motions, the reports, the signed plea, and the colloquy between the trial court and the appellant make it clear that an evidentiary hearing was not necessary.

For the foregoing reasons, the judgment of the trial court is affirmed.

All concur.