Stephen Edward **WISE**, Appellant,

v.

**COMMONWEALTH of Kentucky, Appellee.**

Court of Appeals of Kentucky.

Aug. 4, 1978.

David Kaplan, Kaplan, Burgess & Veth, Louisville, for appellant.

Robert F. Stephens, Atty. Gen., Carl T. Miller, Jr., Asst. Atty. Gen., Frankfort, for appellee.

Before HOWERTON, REYNOLDS and WILHOIT, JJ.

HOWERTON, Judge.

This appeal is taken from convictions for assault in the second degree and complicity in assault in the second degree. Appellant received the minimum sentence of five years on each count.

The incident occurred in Jim's Tavern in Louisville, Kentucky, on December 18, 1976. The facts resemble a shoot out from the wild west. The evidence came primarily from out-of-court statements given to police shortly after the occasion by two 19-year-old girls. At trial, the witnesses had a lapse of memory, and the issue in this case is whether or not the statements may be considered as substantive evidence of guilt.

If the statements are evidence and believed to be true, we get the following picture. The two girls, Donna Clyde and Monica Gail Wilson, arrived at the tavern around 8:30 p.m. They sat with two friends—the appellant, Stephen Wise, also known as "Shotgun;" and Wayne Cornish, also known as "Clean Cut." The two men were members of a motorcycle club known as "The Outlaws." Two men named McGuire and Knott were standing at the bar engaged in a conversation. Cornish went to the bar and began an argument with Knott. Cornish shoved Knott to the floor. When Knott got up, both Cornish and the appellant drew guns, and, according to the statement of Monica Wilson, appellant shot Knot in the arm. McGuire protested, and Cornish and McGuire got into a scuffle. Cornish, Wise and McGuire all had guns, and the shooting continued. McGuire was wounded in the hand, and Cornish was killed.

A few days after the shooting incident, Donna and Monica were interviewed by police detectives. Each gave a recorded interview and signed the transcription. Each also initialed any and all corrections. The two witnesses were to provide the primary evidence for the Commonwealth's case, but

they were obviously hostile witnesses. They were represented by the attorney for the appellant, and came to the trial with the appellant and his attorney. The sum of the testimony presented by them at trial was, "I don't remember." The trial judge properly permitted the prior statements by the witnesses to be admitted as evidence.

The case of *Jett v. Commonwealth*, Ky., 436 S.W.2d 788 (1969), and the many cases subsequently citing *Jett, supra,* have thoroughly settled this issue. For one thing, the credibility of any witness, including one's own witness, may be impeached by showing that the witness has made prior inconsistent statements. This rule applies in both criminal and civil proceedings. CR 43.07. Another point emphasized in *Jett, supra,* and relevant to this case is that when a witness has testified about some of the facts in a case, the jury is entitled to know what else the witness has said about the case, so long as it is relevant to the merits of the case as distinguished from mere collateral issues. Probably the most important point established by *Jett, supra,* is that any out-of-court statement made by a witness which is material and relevant to the issues in the case may be received as substantive evidence through testimony of another witness. The admission of the additional testimony need not be limited to impeachment purposes.

The *Jett* rule is not only well-established in Kentucky, but it appears to be especially sound. No person should have the power to obstruct the truth-finding process of a trial and defeat a prosecution by saying, "I don't remember." The trial judge has a broad discretion in deciding whether or not to permit the introduction of such contradictory evidence, and in this case, we do not find that he abused that discretion.

Appellant raised four additional allegations of error, but none have been properly briefed or argued. Even though we might consider the remaining allegations as being abandoned, we have reviewed the record and find no reversible error or any merit in the other points mentioned by the appellant.

The judgment of the trial court is therefore affirmed.

All concur.