Allen Wayne **WILSON**, Appellant,

v.

**COMMONWEALTH of Kentucky,**
Appellee (Two Cases).

Nos. 87–CA–969–MR, 87–CA–1834–MR.

Court of Appeals of Kentucky.

Nov. 18, 1988.

Dennis L. Mattingly, Louisville, Michael O. Hayes, Owensboro, for appellant.

Frederic J. Cowan, Atty. Gen., Elizabeth A. Myerscough, Asst. Atty. Gen., Frankfort, for appellee.

Before HOWERTON, C.J., and GUDGEL and WILHOIT, JJ.

WILHOIT, Judge.

These appeals are from a judgment of the McLean Circuit Court sentencing the appellant to ten years' imprisonment for second-degree arson, and from an order denying on procedural grounds the appellant's motions to vacate that judgment based primarily on grounds of newly discovered evidence and the ineffective assistance of trial counsel. We shall first consider the appeal from the judgment convicting and sentencing the appellant to prison.

The appellant argues that the trial court erred in allowing a prosecution witness to testify that he had heard on the streets that the appellant had set the fire, out of which the arson charge stemmed, for drug money and to pay off his creditors. This testimony, while technically objectionable as hearsay, in context was

harmless, particularly in light of the witness's testimony that he personally had heard the appellant say that he had started the fire because "he needed some money to make some dope deals and because people he owed money to were hassling him for it." The witness was a very reluctant and fearful one, and it must have been obvious to the jury that his story about what he had heard on the street concerning the appellant was related to escape the sole blame for "ratting" on the appellant. Although this witness was both reluctant and fearful and was declared to be a hostile witness by the court, we cannot agree with the appellant that the record discloses him to have been incompetent to give evidence.

The witness's testimony concerning the appellant's motive for setting the fire, even though it shows evidence of other criminal conduct, was not inadmissible because of that fact. *See Raeber v. Commonwealth*, Ky., 558 S.W.2d 609 (1977). Furthermore, the jury was admonished by the trial court that it should consider this evidence of other criminal activity only for the purpose of establishing a motive.

The appellant also argues that the rule in *Jett v. Commonwealth*, Ky., 436 S.W.2d 788 (1969), was violated because prior out-of-court statements by the reluctant witness were used not only to impeach his in-court testimony, but also to augment his in-court testimony by admitting into evidence prior material statements which the witness refused or was unable to recall at trial. He also asserts that the Jett Rule was violated because he did not deny his prior statements to begin with, and further that he was not given a "chance to read or hear his prior statement" before it was introduced into evidence against him. With respect to these latter two assertions, they simply are factually incorrect. The witness did deny that he had heard the appellant say anything about the fire at David Hancock's house, and then later stated that when he walked in "they shut up." This was contrary to the prior written statement he had given to an arson investigator. He was handed the prior statement to read, given an opportunity to read it, and then

stated to the court that he had done so. With respect to admitting into evidence prior out-of-court statements which augment what the witness could or would not recall at trial, the case of *Wise v. Commonwealth*, Ky.App., 600 S.W.2d 470 (1978), is squarely in point and supports the trial court's admission of this evidence.

The appellant's final argument to set aside the judgment of conviction is that the evidence against him was insufficient to support the jury's verdict. This is not so. The testimony of the arson investigator, together with other evidence presented, more than created an evidentiary basis for the jury to conclude that the appellant was guilty beyond reasonable doubt of second-degree arson.

We shall now consider the appeal from the order denying, without considering the merits, the appellant's post-conviction motion to vacate sentence and grant him a new trial. To the extent that these motions attempted to raise questions which were properly the subject of the appellant's direct appeal or were unsupported by proper factual allegations, the trial court properly refused to consider them. Nevertheless, the court abused its discretion when it refused to consider such questions as the discovery of new evidence and the ineffective assistance of the appellant's trial counsel. The trial court and the Commonwealth appear to mistakenly believe that it would be improper to consider a motion to vacate a judgment made pursuant to RCr 10.02 or 11.42 while a direct appeal from the same judgment is pending. Nothing could be farther from the truth, and indeed RCr 10.06(2) specifically provides that "[a]fter a motion for a new trial is filed and if there is an appeal pending, either party may move the appellate court for a stay of the proceedings in the appellate court." *See also* CR 60.04. The wisdom of permitting such an independent attack on the conviction to proceed without awaiting the disposition of the direct appeal should be apparent. In the first place, the independent attack may render the direct appeal unnecessary. In the second place, where a question such as ineffective assistance of counsel is raised, it would be far better to

dispose of that question promptly without waiting on the direct appeal to wend its way through the appellate system. In this way, if counsel has been ineffective, a new trial may be granted promptly while witnesses are more likely to be available and able to recall events with some clarity. Contrary to the Commonwealth's argument, RCr 11.42(8) does not suspend a trial court's order in a proceeding under RCr 11.42 until the direct appeal of a conviction is finally disposed of. That section of the Rule suspends the effectiveness of the court's order in the collateral proceeding until any appeal of the order itself is disposed of.

The judgment of conviction is affirmed. The order denying the appellant's collateral attack on the judgment is reversed and that matter is remanded to the trial court for further proceedings.

All concur.