## A89A0963. JESSUP v. NEWMAN et al.
(383 SE2d 136)

BEASLEY, Judge.

Plaintiff Jessup appeals a judgment dismissing his appeal in an action he brought against the Newmans for breach of an oral contract for services. At a trial in which Jessup had moved for a directed verdict, a verdict for the Newmans was returned on February 19, 1988. On February 22 Jessup moved for judgment notwithstanding the verdict or in the alternative for a new trial, and on February 24 judgment was entered on the verdict. On May 31 the court denied Jessup's motion because it was filed before entry of judgment.

Jessup appealed on June 9 and the Newmans moved to dismiss the appeal because it was not timely as measured by the judgment of February 24. The court dismissed the appeal on November 30, and Jessup appealed on December 9.

The Newmans filed a motion to dismiss the appeal in this court. It is without merit because the appeal is timely as it pertains to the judgment of November 30.

That judgment is erroneous because, under OCGA § 5-6-38, regardless of the validity of the motion for new trial, an appeal filed within 30 days after entry of the order finally disposing of the motion is timely filed. *Harrison v. Harrison*, 229 Ga. 692 (1) (194 SE2d 87) (1972); *Joiner v. Perkerson*, 160 Ga. App. 343 (1) (287 SE2d 327) (1981).[1] Although the court lacked authority to dismiss the June 9 appeal on the basis given, the coach rolled home because a motion for judgment n.o.v. or new trial filed prior to entry of a judgment is void. It was thus not error to deny the motion for judgment n.o.v. or for new trial on that ground. *Wall v. C & S Bank*, 153 Ga. App. 29 (1), (2) & (3) (264 SE2d 523) (1980), affirmed 247 Ga. 216 (274 SE2d 486) (1981); *Georgia Kraft Co. v. Laborer's Intl. Union*, 170 Ga. App. 581, 587 (5) (317 SE2d 602) (1984); *Harrison*, supra; *Joiner*, supra.

*Judgment dismissing the appeal reversed; judgment denying the alternative motion for judgment n.o.v. or for new trial affirmed. Carley, C. J., and McMurray, P. J., concur.*

DECIDED MAY 15, 1989 —
REHEARING DENIED JUNE 2, 1989 —

Action on contract. Clayton State Court. Before Judge Benefield. *James W. Bradley*, for appellant.

---

[1] A motion for new trial which is invalid as the procedurally improper vehicle for securing review, and not merely due to its prematurity, does not extend the time for filing the notice of appeal. *Pillow v. Seymour*, 255 Ga. 683, 684 (341 SE2d 447) (1986); *Leader Nat. Ins. Co. v. Martin*, 185 Ga. App. 27, 29 (1) (363 SE2d 281) (1987).

*Joseph M. Todd*, for appellees.