Mark JOHNSON, Appellant,

v.

COMMONWEALTH of Kentucky, Appellee.

No. 1998–SC–0180–MR.

Supreme Court of Kentucky.

March 23, 2000.

As Modified May 31, 2000.

Thomas M. Ransdell, Assistant Public Advocate, Department of Public Advocacy, Frankfort, Counsel for Appellant.

A.B. Chandler, III, Attorney General, Matthew D. Nelson, Assistant Attorney General, Office of Attorney General, Criminal Appellate Division, Frankfort, Counsel for Appellee.

COOPER, Justice.

Following a trial by jury in the Campbell Circuit Court, Appellant Mark Johnson was convicted of arson in the first degree. He waived the sentencing phase of the trial and was subsequently sentenced to twenty years in prison. He appeals to this Court as a matter of right. Ky. Const. § 110(2)(b). We have determined that the appeal was prematurely filed and must be remanded for a ruling on Appellant's post-trial motions and for an evidentiary hearing on the issue of his competency to stand trial. The relevant events as they occurred in the trial court are as follows:

*November 24, 1997:* A verdict of guilty was returned by the jury. Appellant waived the jury sentencing phase of his trial pursuant to an agreement that he would be sentenced to no more than the minimum sentence of twenty years. KRS 513.020(2).

*December 4, 1997:* An Order was entered setting final sentencing for January 12, 1998.

*December 4, 1997:* Appellant filed a motion for a new trial on grounds of newly discovered evidence premised upon the affidavit of a witness who claimed to possess exculpatory evidence, and defense counsel's assertion that he had obtained newly discovered evidence which would impeach

the credibility of a witness who testified at trial.

*December 18, 1997:* Appellant filed a supplemental motion for a new trial on grounds of additional newly discovered evidence, *viz:* the contents of a post-trial letter to Appellant from his wife.

*December 30, 1997:* Appellant filed a motion for "a new trial and an order of dismissal notwithstanding the verdict" on grounds that defense counsel had become aware "that perhaps the Defendant was not capable of assisting his defense or appreciating the nature and consequences of the proceedings against him."

*January 13, 1998:* An "Order of Mental Examination" was entered, reciting that the trial judge had "reasonable grounds to believe that the Defendant may be incompetent" and ordering the Kentucky Correctional Psychiatric Center (KCPC) to examine Appellant and file a report with respect to both Appellant's competency to stand trial and his criminal responsibility at the time of the offense. The Order further provided that upon receipt of the report, an evidentiary hearing would be held on the issue of competency at which both parties would be permitted to cross-examine the examining physician. KCPC subsequently delegated the duty to examine Appellant to the Comprehensive Care Centers of Northern Kentucky.

*January 16, 1998:* Appellant filed another supplementary motion for a new trial on grounds of newly discovered evidence premised upon the affidavit of the owner of the damaged building that the fire caused only minor damage, and the affidavit of a cousin of Appellant's wife stating his belief that Appellant's wife and her boyfriend had conspired to set the fire.

*February 19, 1998:* Dr. George W. Rogers, Jr., of Comprehensive Care Centers of Northern Kentucky, filed a report stating that, pursuant to the Order of January 13, 1998, he had examined Appellant at the Campbell County Detention Center and was of the opinion that Appellant was com-petent to stand trial. However, Dr. Rogers recommended that Appellant be further evaluated at KCPC with respect to his criminal responsibility at the time of the offense.

*March 2, 1998:* A final sentencing hearing was held at which the trial judge considered both Dr. Rogers's report and the presentence investigation report prepared by the division of probation and parole, but did not hold a formal evidentiary hearing. The trial judge expressed his intent to follow Dr. Rogers's recommendation for a full psychiatric evaluation.

> I'm most concerned at this point, Mr. Johnson with your mental status. . . . I don't really doubt your statement, Mr. Johnson, that you believe that you didn't do this. . . . I do believe that in your head and in your mind, you don't think that you did this. . . . And that's why I want to get this psychiatric evaluation done.

Judgment was entered on the same day adjudging Appellant guilty of arson in the first degree and sentencing him to twenty years in prison. The judgment concluded with the following paragraph:

> IT IS FURTHER ORDERED that the Defendant be transferred to the Kentucky Correctional Psychiatric Center as soon as practicable for further evaluation and psychiatric care. Defendant's motion for New Trial herein or Judgment Notwithstanding the Verdict shall be treated as if filed post-sentencing and shall remain under submission and no appeal time shall run until the psychiatric report of February 19, 1998 is updated by the Kentucky Correctional Psychiatric Center.

*March 3, 1998:* The following documents were entered into the court record: (1) Notice of Appeal "from the final judgment entered herein;" (2) Designation of Record, including all pleadings and documents filed in the court record; (3) Order permitting Appellant to appeal in forma pauperis; (4) Order staying the appeal pending a ruling on all post-trial motions.

*April 2, 1998:* Certification of record on appeal was completed and filed.

*May 29, 1998:* Dr. Candace Walker of KCPC filed a report reflecting her examination and treatment of Appellant and that she found no evidence to support an insanity defense (and that Appellant had advised her that he did not wish to plead insanity as a defense). However, she further reported that Appellant suffered from hypomania, which "could have rendered his communication with his attorney inadequate for proper preparation and presentation of his defense."

*May 29, 1998:* An Order was entered overruling Appellant's motion for a new trial or judgment notwithstanding the verdict and ordering that the Order and Dr. Walker's report be filed as a supplement to the record on appeal. No supplemental Notice of Appeal was filed after entry of this Order.

■ Criminal Rule 10.06(1) provides as follows:

The motion for a new trial shall be served not later than five (5) days after return of the verdict. A motion for a new trial based upon the ground of newly discovered evidence shall be made within one (1) year after the entry of the judgment or at a later time if the court for good cause so permits.

■ The rule clearly provides that, although a motion for a new trial premised upon newly discovered evidence may be filed within one year of the judgment, a motion premised upon any other grounds must be filed within five days of the verdict. None of Appellant's four post-verdict motions were filed within five days of the verdict. The motion pertaining to his possible incompetency was filed thirty-six

days after the verdict and, thus, too late to raise the issue.

■ However, a trial judge may order a competency evaluation *sua sponte* at any stage of the proceedings if he/she has reasonable grounds to believe that the defendant is incompetent to stand trial. KRS 504.100(1). Here, the trial judge specifically found in his written order of January 13, 1998 that there were reasonable grounds to believe that Appellant was incompetent. He reiterated his concerns during the final sentencing hearing on March 2, 1998.

■ Criminal Rule 12.04(3) provides as follows:

The time within which an appeal may be taken shall be ten (10) days[1] after the date of entry of the judgment or order from which it is taken, subject to Rule 12.06 [notice of entry], but if a timely motion has been made for a new trial an appeal from a judgment of conviction may be taken within ten (10) days[2] after the date of entry of the order denying the motion; provided, however, that in the case of a motion for new trial made later than five (5) days after return of the verdict, the appeal must be from the order overruling or denying the motion, and the review on appeal shall be limited to the grounds timely raised by the motion as provided by Rule 10.06.[3]

■ Thus, regardless of the issue of competency, the judgment of March 3, 1998 was not final, because Appellant's post-trial motions were still pending. The same rule obtained under the former criminal code. *Collins v. Commonwealth*, 300 Ky. 258, 188 S.W.2d 432 (1945).

1. Thirty (30) days, effective January 1, 1999.

2. Thirty (30) days, effective January 1, 1999.

3. As stated *supra,* the only grounds for a motion for new trial filed later than five days after the return of the verdict is one premised upon newly discovered evidence. The appeal

from the order overruling such a motion is limited to whether the new trial should have been granted. No appeal was taken from the order of May 29, 1998 and the issues raised in Appellant's motions of December 4 and 18, 1997 and January 16, 1998 have not been raised on appeal.

Some jurisdictions hold that an appeal filed by a moving party before a ruling has been entered on his/her post-judgment motions constitutes an abandonment of those motions. *In re Forfeiture of $104,591 in U.S. Currency*, 589 So.2d 283 (Fla.1991); *Grant v. Federal Land Bank*, 586 So.2d 685 (La.Ct.App.1991). If we subscribed to that theory, the issue of Appellant's competency to stand trial would be deemed to have been abandoned when he filed the notice of appeal. Other jurisdictions hold that the filing of an appeal is not an abandonment of pending post-judgment motions, but that the appeal is simply of no effect, *i.e.*, the status of the case remains the same as if no appeal had been filed. *People v. Everage*, 303 Ill.App.3d 1082, 238 Ill.Dec. 726, 712 N.E.2d 830 (1999); *Bailey v. Sound Lab, Inc.*, 694 P.2d 1043 (Utah 1984). If we subscribed to that theory, we would be forced to dismiss the appeal, because no appeal was taken from the purported final order of May 29, 1998. However, our approach is somewhat different.

■ In *Commonwealth, Dep't of Highways v. Stamper*, Ky., 424 S.W.2d 821 (1967), the appeal was filed one day before the judgment was entered. It was held (1) the attempted appeal from the nonexistent judgment did not confer jurisdiction upon the appellate court, and (2) the subsequent signing and entry of the judgment did not breathe life into the premature appeal. *Id.* at 823. The appeal was ordered dismissed, but the Court did not specifically address the validity of the judgment which had been entered after the appeal was filed. As a general rule, except with respect to issues of custody and child support in a domestic relations case, the filing of a notice of appeal divests the trial court of jurisdiction to rule on any issues while the appeal is pending. *Hoy v. Newburg Homes, Inc.*, Ky., 325 S.W.2d 301 (1959)

(trial judge had no jurisdiction to enter an order permitting the filing of an amended complaint); *Monsour v. Humphrey*, Ky., 324 S.W.2d 813 (1959) (trial judge had no jurisdiction to enter an order amending the judgment); *Louisville & N.R. Co. v. Paul's Adm'r*, 314 Ky. 473, 235 S.W.2d 787 (1950) (trial judge had no authority to supplement the record on appeal). There is authority permitting a trial judge to rule on a motion filed in a criminal case while the case is pending on appeal, if the motion raises new issues, *e.g.*, newly discovered evidence or ineffective assistance of counsel, which could not have been the subject of the direct appeal. RCr 10.06(2); RCr 11.42(1); *Wilson v. Commonwealth*, Ky. App., 761 S.W.2d 182 (1988). That exception does not apply here, since all of Appellant's post-trial motions were filed before the attempted appeal. Thus, the order of May 29, 1998 was entered without jurisdiction and is a nullity.

■ The trial judge's attempt to stay the appeal was also a nullity. Although a trial judge has a right to stay the enforcement of his/her own judgments, CR 62.01, CR 62.04, or to extend the time for filing an appeal for ten days under certain circumstances, CR 73.02(1)(d), *Burchell v. Burchell*, Ky.App., 684 S.W.2d 296 (1984), there is no provision permitting a trial judge to stay an appeal after it has been filed. RCr 10.06(2) clearly anticipates that only an appellate court has the authority to stay an appeal.[4]

Since the order of May 29, 1998 was a nullity, we need not decide whether the trial judge's failure to hold an evidentiary hearing on the issue of competency was contrary to the dictates of both his own order of January 13, 1998 and of KRS 504.100(3). *But see Mills v. Commonwealth*, Ky., 996 S.W.2d 473 (1999), *cert. denied*, —— U.S. ——, 120 S.Ct. 1182, 145 L.Ed.2d 1088 (2000); *Gabbard v. Com-*

---

4. The reference in RCr 10.06(2) to a stay of appellate proceedings while a trial court rules on a motion for new trial obviously refers to a motion premised upon newly discovered evi-

dence filed within one year of the verdict, but after the appeal was filed. *See Wilson v. Commonwealth, supra.*

*monwealth,* Ky., 887 S.W.2d 547 (1994); *Clark v. Commonwealth,* Ky., 591 S.W.2d 365 (1979). The Commonwealth's reliance on *Conley v. Commonwealth,* Ky.App., 569 S.W.2d 682 (1978) in this respect is misplaced, as that case was interpreting the version of KRS 504.040 which existed prior to its 1978 amendment and which did not mandate a hearing on the issue of a defendant's competency to stand trial. As amended by 1978 Ky. Acts, ch. 290, § 4, KRS 504.040(4) provided that "[a]fter the defendant is examined and the report is filed, the court *shall* order an evidentiary hearing on the issue of defendant's competency to stand trial." (Emphasis added.) That is the language which was being interpreted in *Clark v. Commonwealth, supra,* and which was carried over into KRS 504.100(3) when KRS 504.040 was repealed and recodifed in 1982. 1982 Ky. Acts, ch. 113, §§ 5, 14. Substantially the same language appears in the present version of KRS 504.100(3), which was the version being interpreted in *Mills v. Commonwealth, supra,* and *Gabbard v. Commonwealth, supra.*

Accordingly, this appeal is dismissed as premature and this action is remanded to the Campbell Circuit Court for a ruling on Appellant's post-trial motions and for an evidentiary hearing and a ruling on the issue of Appellant's competency to stand trial.

LAMBERT, C.J.; GRAVES, JOHNSTONE, STUMBO and WINTERSHEIMER, JJ., concur.

KELLER, J., concurs in part and dissents in part by separate opinion.

KELLER, Justice, concurring in part and dissenting in part.

I concur with the majority opinion to the extent that it holds that we should remand this case to the trial court with instructions for it to hold an evidentiary hearing regarding Johnson's competency, but I would limit the scope of the hearing and

determination to the question of whether Johnson was competent at the time of his sentencing. Johnson brought no pretrial motions regarding his competency before the trial court and, in fact, raised no issue involving his mental illness prior to the jury's return with a guilty verdict. On December 30, 1997, Johnson, for the first time, brought an issue regarding his mental status before the trial court in a motion styled a Motion for a New Trial and an Order of Dismissal Notwithstanding the Verdict which he filed between the date when the jury returned its verdict, November 24, 1997, and the date of his final sentencing and the entry of final judgment, March 2, 1998. The record reflects that both defense counsel's declarations regarding Johnson's ability to assist in his defense and the trial court's own doubts regarding the appellant's competency expressed in its Order of Mental Examination entered January 13, 1998 provided "reasonable grounds [for the trial court] to believe the defendant is incompetent." KRS 504.100(1). In light of this, the trial court should not have sentenced the defendant without first ascertaining his competency status by conducting a hearing, as provided in KRS 504.100, on the issue whether he was competent to assist his counsel in sentencing proceedings. KRS 504.090 ("No defendant who is incompetent to stand trial shall be tried, convicted, or sentenced so long as the incompetency continues." *Id.*) Trial counsel preserved this issue for our review by objecting that the unresolved questions regarding Johnson's mental health status constituted legal cause to postpone sentencing. Accordingly, I concur in the majority opinion to the extent that it holds that this matter should be remanded to the trial court for a hearing on Johnson's competency, subject to the qualifications expressed above.

I do not agree, however, with the majority's view that Johnson prematurely filed this appeal or with its holding dismissing the appeal and remanding the matter to Campbell Circuit Court for a ruling on the

post-trial motions filed prior to the trial court's entry of judgment. Each of the four post-trial/pre-judgment motions for a new trial filed by Johnson raises issues regarding newly discovered evidence. Accordingly, the appropriate time for filing such motions is not, as the logic of the majority opinion would suggest, within one year of the *verdict*, but rather, as provided in RCr 10.06, "A motion for a new trial based upon the ground of newly discovered evidence shall be made within one (1) year *after the entry of the judgment* or at a later time if the court for good cause so permits." RCr 10.06(1) (emphasis added). The overwhelming implication of this section is that motions for new trial which allege newly discovered evidence will not be filed prior to the entry of final judgment. I agree, however, with the majority opinion that, in order to be timely filed, a motion for a new trial based on any grounds other than newly discovered evidence must be filed within five (5) days of the verdict. In my opinion, therefore, all of the post-verdict/prejudgment motions, with the exception of Johnson's motion for new trial addressing competency issues, were not properly before the trial court, and had no legal significance because Johnson had not timely filed them. Accordingly, the three post-verdict/prejudgment motions for a new trial had no effect on the trial court's jurisdiction to enter final judgment, and Johnson's appeal was timely filed.

Although the Kentucky courts have not previously addressed the status of prematurely filed new trial motions, courts in other jurisdictions have concluded that new trial motions filed prior to judgment have no effect. *See In re Tutorship of Ingraham,* 565 So.2d 1012 (La.App., 1990); *Jessup v. Newman,* 191 Ga.App. 772, 383 S.E.2d 136 (1989); *Ruiz v. Ruiz,* 104 Cal. App.3d 374, 163 Cal.Rptr. 708 (1980); *Auto Equity Sales, Inc. v. Superior Court of Santa Clara County,* 57 Cal.2d 450, 20 Cal.Rptr. 321, 369 P.2d 937 (1962); *Jones v. Kay,* 110 N.E.2d 33 (Ohio App., 1951); *Stone v. Boston,* 218 S.W.2d 783 (Mo.App., 1949).

In my opinion, the majority's interpretation ignores RCr 10.06(1)'s use of the phrase *"after* the entry of the judgment." RCr 10.06(1) (emphasis added). This Court did utilize the word "within" when drafting RCr 10.06(1), but it did so to clarify that a motion for new trial on the basis of newly discovered evidence may be brought at any point in the year following the entry of final judgment.[1] A motion filed before a time period set out by rule or statute is no different from a motion filed after a defined time period. Neither is timely filed, and neither is properly before the court. Both are nullities.

The first sentence of RCr 10.06(1) addresses motions for new trial based upon *matters arising during the course of the proceedings or trial* and states that such motions must be served on the prosecution within five days of the verdict. *See* Abramson, 9 *Kentucky Criminal Practice and Procedure* § 32.22 (West 1997). Motions for new trial on the basis of trial errors, if timely filed, stay the time within which an appeal from the judgment may be taken: "[I]f a timely motion has been made for a new trial an appeal from a judgment of conviction must be taken within thirty (30) days after the date of entry of the order denying the motion." RCr 12.04(3); *Adkins v. Commonwealth,* Ky., 309 S.W.2d 165 (1958). By contrast, RCr 10.06(2) describes the interaction between motions for new trials based on newly discovered evidence and appellate review of the underlying judgment and

---

1. Without the word "within," the relevant portion of RCr 10.06(1) would read: "A motion for new trial based upon the ground of newly discovered evidence shall be made [ ] one (1) year after the entry of the judgment or at a later time if the court for good cause so permits." RCr 10.06(1). Accordingly, it is understandable why "within" was inserted into the rule; otherwise, such a motion could not be filed until one (1) year had passed since entry of the judgment.

contemplates that such a motion would be filed after the entry of judgment:

> After a motion for a new trial is filed and if there is an appeal pending, either party may move the appellate court for a stay of the proceedings in the appellate court, whereupon the clerk of the appellate court shall notify the clerk of the trial court that the motion has been filed. The clerk of the trial court shall notify the clerk of the appellate court of the trial court's ruling on the motion for a new trial.

RCr 10.06; *see also* RCr 12.04(3) ("[I]n the case of a motion for new trial made later than five (5) days after return of the verdict, the appeal must be from the order overruling or denying the motion ...." *Id.*).

To summarize, a defendant may bring a motion for new trial upon a basis other than newly discovered evidence no later than five (5) days after the verdict. If the trial court overrules such a timely filed motion for new trial, a defendant may seek appellate review of the ruling in an appeal from the final judgment. A motion for new trial based upon newly discovered evidence may be filed at any time during the one (1) year following, but not before, the entry of final judgment. If the trial court overrules such a motion for new trial, any appeal must be taken from the order overruling or denying the motion.

As the trial court ordered that Johnson's competency-based motion for a new trial be considered filed as of the date of the judgment, the trial court had jurisdiction to enter the May 29, 1998 order denying the motion. *Wilson v. Commonwealth*, Ky.App., 761 S.W.2d 182, 184 (1988). As Johnson chose not to appeal from this order, it became final thirty (30) days after entry and Johnson may not now seek its reversal.

I find none of Johnson's assignments of error with respect to his trial meritorious and I would affirm the conviction, but remand the case to the trial court with instructions for it to conduct a hearing to determine whether Johnson was competent at the time of his final sentencing. If the trial court determines that Johnson was incompetent at the time of his sentencing, the final judgment should be set aside and further proceedings conducted in accordance with KRS 504.110. If the trial court finds that Johnson was competent at the time of his final sentencing, the trial court should enter an order to that effect from which Johnson may seek appellate review.