Marion MONSOUR, Petitioner,

v.

Alex P. HUMPHREY, Judge Jefferson Circuit Court, Common Pleas Branch, First Division, Florence Cassin, Respondents.

Court of Appeals of Kentucky.

May 22, 1959.

Raymond C. Stephenson, Louisville, for petitioner.

Helen R. Graft, Louisville, for respondent Alex P. Humphrey.

C. Maxwell Brown, Louisville, for respondent Florence Cassin.

CULLEN, Commissioner.

An attempted appeal by Marion Monsour from a judgment of the Jefferson Circuit Court was dismissed by order of this Court dated April 27, 1959, on the ground that the judgment when construed in connection with the pleadings did not show an amount in controversy sufficient to confer jurisdiction on this Court, nor had such amount been fixed by the circuit court under KRS 21.070. Mrs. Monsour now seeks an order from this Court directing the judge of the circuit court to enter an order, nunc pro tunc as of January 26, 1959, fixing the amount in controversy, as had been requested by a motion filed with him on the latter date.

The circuit court judgment became final for purposes of appeal on January 10, 1959. On January 16, Mrs. Monsour filed a notice of appeal. On January 26, she filed a motion with the circuit court asking that the court fix the amount in controversy in accordance with KRS 21.070. The circuit court overruled that motion, on the day it was filed, on the ground that it was "too late to amend judgment." Then, on February 4, which was within the 30-day period allowable by CR 73.02 for filing notice of appeal, Mrs. Monsour filed a second notice of appeal.

Mrs. Monsour maintains that the first notice of appeal was a nullity because, no jurisdictional amount at that time being shown in the judgment, the filing of the notice did not give the Court of Appeals jurisdiction of the case; therefore, the circuit court retained jurisdiction, and could have amended the judgment to show the amount in controversy in accordance with the motion of January 26, which was before the 30-day period allowable for filing notice of appeal had expired. On this theory, the second notice of appeal would have been valid.

This Court has stated that it does not acquire jurisdiction of an appeal unless there is the requisite showing of an amount in controversy sufficient to confer appellate jurisdiction. See Coyle v. Capital Engineering Services, Inc., Ky., 314 S.W.2d 541; Hoy v. Newburg Homes, Inc., Ky., 325 S.W.2d 301. However, this means only that the Court does not have jurisdiction to pass upon the *merits* of the appeal. Necessarily, when a notice of appeal has been filed, the Court of Appeals has jurisdiction to determine the fact of whether there is a proper showing of a jurisdictional amount in controversy. In other words, the Court has jurisdiction to determine the facts upon which its jurisdiction of an appeal depends. Since the Court of Appeals alone can determine whether an attempted appeal is effective, it is our opin-

ion that when a notice of appeal has been filed, and until the Court of Appeals has dismissed the appeal for lack of jurisdiction, the circuit court is deprived of jurisdiction of the case to the same extent as when a valid appeal is pending.

Under this view, the notice of appeal filed on January 16 was not a nullity, and the circuit court had no jurisdiction on January 26 to amend the judgment under KRS 21.070.

We think Mrs. Monsour's remedy was to have moved the circuit court, under the last sentence of subsection (2) of CR 73.02, to dismiss the appeal taken by the January 16 notice. Upon this motion being granted, and jurisdiction thus revested in the circuit court, she then could have moved the court to fix the amount in controversy, and this having been done, and the 30-day period for filing notice of appeal not having elapsed, she could have filed a new notice of appeal. If it be suggested that to require this procedure to have been followed is to make a too strict application of technical rules, we may point out that the failure to follow it has resulted in a situation where the appellant is compelled to seek an extraordinary order from this Court, directing the circuit court to enter a nunc pro tunc order, so as to give effect to a notice of appeal which was ineffective when filed. We do not find justification for invoking such extraordinary procedures.

We will say that it is our opinion that a circuit court may proceed under KRS 21.070 to fix the amount in controversy at any time during the period allowed for filing notice of an appeal, so long as no appeal is pending. After the expiration of the period it would be futile to fix the amount, because by then the time for taking an appeal will have expired. See Maslow Cooperage Corp. v. Jones, Ky., 316 S.W.2d 860.

The petition for an order of mandamus is denied.