**Mollie Hedger RODGERS, Etta Hedger Wright, and Rollie Wright, Appellants,**

v.

**Sarah Mae HENDERSON, Appellee.**

Court of Appeals of Kentucky.

July 25, 1980.

John Swinford, David E. Melcher, Cynthiana, for appellants.

J. Craig Bradley, Jr., Bradley & Bradley, Georgetown, for appellee.

Before LESTER, WHITE and WILHOIT, JJ.

### OPINION AND ORDER DENYING MOTION TO DISMISS

LESTER, Judge.

The appellee has moved to dismiss this appeal because the appellants failed to file a timely notice of appeal pursuant to CR 73.02(1)(a), (b). Appellants have responded that the notice is timely filed.

Final judgment was entered in this case on December 10, 1979. It was mailed to the appellants' attorney, but never received by him. It was not until January 15, 1980, that the appellants' attorney learned of the entry of the judgment, and immediately moved on that date pursuant to CR 73.-02(1)(b) for an extension of time to file the notice. On February 8, 1980, the motion was heard and the circuit court by a nunc pro tunc order extended the time for the filing of the notice of appeal to January 19, 1980.

■ Pursuant to CR 73.02(1)(a), notice of appeal must be filed within 30 days of the final judgment or an order enumerated in CR 73.02(1)(c). Such time limits are mandatory and jurisdictional, *Cobb v. Carpenter*, Ky.App., 553 S.W.2d 290 (1977). In addition, the failure to receive a notice of judgment does not affect the running of time in civil cases, *Electric Plant Board v. Hickman, Fulton County Rural Electric Cooperative Corporation*, Ky.App., 564 S.W.2d 845 (1978). However, CR 73.02(1)(b) also provides:

> (b) Upon a showing of excusable neglect based on a failure of a party to learn of the entry of the judgment or an order which affects the running of time for taking an appeal, the trial court in any action may extend the time for appeal not exceeding 10 days from the expiration of the original time herein prescribed.

It is clear that an extension of time must be sought within 40 days from the date upon which the time for the taking of the appeal began to run, *United Carbon Co. v. Ramsey*, Ky., 350 S.W.2d 454 (1961); 7 W. Clay, *Kentucky Practice*, CR 73.02(1), Supp. Comment 4 (3rd ed. 1974). In this case, the appellants' motion was made within the 10-day period provided for by CR 73.02(1)(b), but the motion was not granted until after the 10-day period had passed and a nunc pro tunc order was issued.

■ Appellee argues that the circuit court did not have the power to grant the motion after the 10-day period had passed, and a nunc pro tunc order could not correct this defect. However, we believe that the circuit court properly permitted the appellants to file their notice of appeal. Under the former Civil Rule 73.02, if a party failed to learn of the entry of a judgment, and excusable neglect was shown, the circuit court could extend the time for the filing of a notice of appeal up to 30 days. *See* 7 W. Clay, *Kentucky Practice*, CR 73.02(1), Supp. Comment 2 (3rd ed. 1974). However, the present CR 73.02(1)(b) provides only a 10-day extension upon the showing of excusable neglect. The trial court's discretion in determining what constitutes excusable neglect is broad, *United Carbon Co. v. Ramsey, supra*, but an appellant must show such excusable neglect in fact exists. To do so may possibly necessitate a hearing, however brief, on the matter, and in all fairness, the appellee should be given a chance to respond to the motion. The filing of the motion serves as a notice that the appeal will be taken, so the procedure described here will place the appellee upon notice that

an appeal will be filed, and is therefore not at variance with the appellee's right of repose. The workload of the circuit courts and practical considerations dictate that the matter cannot always be heard within the 10-day period of time. As long as the appellant moves to file the notice of appeal within 10 days from the date that it was originally due pursuant to CR 73.02(1)(a), and tenders a copy of that notice, the circuit court may grant such an extension upon a proper showing of excusable neglect. If the motion cannot be ruled upon until after the 10-day period has passed, a nunc pro tunc order should be issued.

It is therefore ORDERED that the appellee's motion to dismiss be, and it is hereby, DENIED.