**FLUOR CONSTRUCTION INTERNATIONAL, INC., Appellant,**

v.

**Larry KIRTLEY; Gardners Service Company; Robert L. Whittaker, Director of Special Fund; Hon. Donald G. Smith, Administrative Law Judge; and Workers' Compensation Board, Appellees.**

No. 2001–SC–0583–WC.

Supreme Court of Kentucky.

April 24, 2003.

James G. Fogle, Janet K. Martin, Ferreri & Fogle, Louisville, for Appellant.

Harry R. Hinton, Madisonville, Philip J. Reverman, Boehl Stopher & Graves, Louisville, David W. Barr, Kentucky Labor Cabinet, Division of Special Fund, Frankfort, for Appellees.

Opinion of the Court by Justice WINTERSHEIMER.

This appeal is from an opinion of the Court of Appeals affirming a decision of

the Workers' Compensation Board which dismissed the appeal by Fluor Construction International from an opinion and award of the Administrative Law Judge granting Kirtley benefits for a 10% occupational disability due to work-related asbestosis.

Kirtley filed a workers' compensation claim in January 1996 against Gardners Service Corporation and Fluor. He alleged that he had developed asbestosis after being exposed to asbestos for several years while working for various contractors at a plant operated by the Tennessee Valley Authority.

The certificates of service on the pleadings indicate that pleadings initially were mailed to Fluor at a Drakesboro, Kentucky address. The pleadings and orders continued to show service on Fluor at the same address until June 1996. No service is indicated on Fluor again until June 1998, when service of a prehearing order and memorandum was attempted via certified mail at the Drakesboro address. That order was returned as undeliverable but was later successfully delivered in December 1998 at a Russellville, Kentucky address. Attempts were made to serve several motions and orders on Fluor at addresses in Drakesboro, Kentucky; Russellville, Kentucky; Paducah, Kentucky; and Nashville, Tennessee. Certified mail receipts indicate that at least some of the motions and orders which were sent to the Russellville address were received by someone who signed as an agent of Fluor. In November 1999, counsel for Kirtley notified the ALJ that the proper address for Fluor was in Irvine, California.

On November 19, 1999, the ALJ issued an order directing Fluor to notify him within ten days of the date of the order whether it would seek additional proof in which to defend the claim. All subsequent pleadings indicate service on Fluor at the Irvine, California address. No response to the order of the ALJ was received.

The ALJ issued an opinion and award on February 22, 2000, awarding Kirtley benefits for a 10% occupational disability and finding Fluor solely responsible for the employer's portion of the award. Service of the opinion and award was noted for Fluor at an Irvine, California address. Counsel for Fluor entered an appearance on February 23, 2000, and also filed a brief before the ALJ on that date. Fluor filed a petition for reconsideration which was overruled by the ALJ on March 30, 2000. This order indicates service on Fluor, but not on its counsel. Apparently, counsel for Flour did not find out about the existence of the order until May 5, 2000, when he called to inquire about it. On May 8, he filed a motion for the order to be set aside and to reissue it so that his appeal would be timely. The ALJ granted the motion without objection on May 30, and Fluor filed a notice of appeal to the Board on June 9, 2000.

The Board raised the issue of its jurisdiction to hear the appeal sua sponte, stating that, failure to file a timely notice of appeal is a jurisdictional defect that is fatal to the appeal. It further stated that the fact that counsel for Fluor was not served with a copy of the order or petition for reconsideration does not excuse it from filing a timely notice of appeal. In dismissing the appeal the Board applied CR 77.04(4), which states:

Failure of the trial court to require service of notice of entry of any judgment or order under this rule or the failure of the clerk to serve such notice, or the failure of a party to receive notice, shall not affect the validity of the judgment or order, and does not affect the time to appeal or relieve or authorize the court to relieve a party for failure to appeal

with the time allowed, except as permitted in Rule 73.02(1).

CR 73.02(1) allows the trial court, upon a showing of excusable neglect, to extend the time for taking an appeal for not more than 10 days from the expiration of the original time.

The Court of Appeals reluctantly affirmed. It could find no relief for Fluor in existing law, but stated that if the Kentucky Supreme Court, the General Assembly, or the writers of the Administrative Regulation deem this problem to be antithetical to the administration of justice, perhaps one of those bodies will remedy this situation. This appeal followed.

On November 21, 2002, this Court rendered *Kurtsinger v. Board of Trustees of Kentucky Retirement Systems*, Ky., 90 S.W.3d 454 (2002), which presents a similar issue. The pertinent facts in that case are as follows: Counsel for Kurtsinger timely filed a CR 59.05 motion. On June 29, 2000, the circuit court entered an order denying the motion. Counsel for Kurtsinger was omitted from the distribution list and did not receive service. When counsel eventually learned of the denial, the time to appeal had expired. Nevertheless, the circuit judge granted the CR 60.02 motion filed by counsel for Kurtsinger to vacate the June 29, 2000 order. Later, the circuit judge also entered an order denying a CR 59.05 motion to alter, amend or vacate summary judgment. On August 28, 2000, Kurtsinger filed a notice of appeal. The Court of Appeals dismissed the appeal, citing *Stewart v. Kentucky Lottery Corp.*, Ky.App., 986 S.W.2d 918 (1998).

On appeal, this Court acknowledged the latent conflict that exists between CR 60.02 and CR 77.04. That if the latter rule is applied literally, where appellate rights are implicated, the former rule is unavailable. We further acknowledged that CR 60.02 is a mistake correcting rule that allows the trial judge broad discretion. Ultimately, we reversed the Court of Appeals and held that pursuant to CR 60.02 the trial judge acted within his broad discretion in vacating his original order and entering a new one.

Here, although the ALJ did not cite KRS 342.125 in granting the motion by Fluor, we believe that statute offers the same relief in this situation as would CR 60.02. *Cf. Campbell v. Universal Mines*, Ky., 963 S.W.2d 623 (1998); *Wheatley v. Bryant Auto Service*, Ky., 860 S.W.2d 767 (1993). Pursuant to the same rationale in *Kurtsinger, supra*, we hold that the ALJ did not abuse his discretion in granting the motion by Fluor.

Therefore, the decision of the Court of Appeals is reversed and this case is remanded to the Workers' Compensation Board for further proceedings consistent with this opinion.

All concur.