**CONTINENTAL GENERAL TIRE, Appellant,**

v.

**Jeff LOOPER; Hon. James L. Kerr, Administrative Law Judge; Division of Workers' Compensation Funds; and Workers' Compensation Board, Appellees.**

No. 2005–CA–002619–WC.

Court of Appeals of Kentucky.

Dec. 15, 2006.

S. Boyd Neely, Jr., Mayfield, KY, for appellant.

Mark Edwards Paducah, KY, for appellee, Jeff Looper.

Before JOHNSON and TAYLOR, Judges; HUDDLESTON,[1] Senior Judge.

*OPINION*

JOHNSON, Judge.

Continental General Tire has petitioned for review of an opinion of the Workers'

1. Senior Judge Joseph R. Huddleston sitting as Special Judge by assignment of the Chief Justice pursuant to Section 110(5)(b) of the Kentucky Constitution and Kentucky Revised Statutes (KRS) 21.580.

Compensation Board entered on November 18, 2005, which affirmed an order by the ALJ vacating an agreed order which had modified Jeff Looper's entitlement to temporary total disability (TTD) benefits. Having concluded that the Board did not overlook or misconstrue controlling case law in affirming the ALJ,[2] we affirm.

Looper was injured in August 1995, when the vehicle he was driving for Continental was hit by a co-worker who was operating a fork-lift. His workers' compensation claim was settled in 1997 based on an 11% permanent, partial disability. Thereafter, in 2003, Looper moved to reopen his claim for payment of medical bills and TTD benefits for the time he was off work from August 28, 2003, to May 4, 2004. On December 20, 2004, the ALJ entered an opinion awarding Looper TTD benefits of $415.94 per week from August 28, 2003, to May 4, 2004. Continental did not appeal the ALJ's award. However, on January 13, 2005, an agreed order [3] that was signed by counsel for both parties was sent to the ALJ stating that the attorneys "had a prior agreement that TTD benefits would extend for a total period of five (5) months (2 1/2 months following each surgery) and they hereby request that the [a]ward be amended to reflect this agreement[.]" The ALJ signed the agreed order on January 21, 2005.

On March 3, 2005, counsel for Looper filed a motion to vacate the agreed order. In support of the motion, counsel stated as follows:

[P]rior to the [ALJ]'s decision being entered [counsel] agreed with counsel for [Continental] that the temporary total disability benefits would be for five months. This stipulation was never reduced to writing. After the [ALJ's] de-

cision was entered [counsel] and counsel for [Continental] again discussed this matter and [counsel] agreed that the TTD should be limited to five months pursuant to our previous agreement. After this was done, [counsel] was informed by [Looper] that there was no authority for that stipulation and no authority for the agreed order which was signed. As a result, the agreed order should be vacated inasmuch as [Looper] was not in agreement.

Continental filed its response to the motion on March 10, 2005, wherein it contended that Looper's counsel's motion was "procedurally incorrect." Continental stated:

If this Motion is to be construed as a Petition for Reconsideration, then it has not been timely filed within 14 days of the Order. If the Motion is considered a Motion to Reopen on the basis of a mistake, then that is not appropriate as well as a mistake only pertains to those of law or fact.

A status conference was held on the matter and on April 11, 2005, the ALJ vacated the agreed order. Continental filed a petition for reconsideration on April 25, 2005, which was denied by the ALJ on May 23, 2005.

Continental appealed to the Board claiming that the ALJ exceeded his authority by vacating the agreed order. The Board entered its opinion on November 18, 2005, wherein it affirmed the ALJ and stated as follows:

Although the January 21, 2005[,] agreed order was tendered and signed after the ALJ had granted Looper a TTD award and the agreed order substantially reduced TTD benefits payable to Looper, the tendered agreement recited no consideration received by Looper in ex-

---

2. *See Western Baptist Hospital v. Kelly,* 827 S.W.2d 685, 687 (Ky.1992).

3. This order was filed during the time for taking an appeal.

change for reduced TTD benefits. The January 21, 2005[,] agreed order recited an agreement between counsel that was never reduced to a stipulation, but the agreed order did not state that Looper had agreed to a reduction in TTD benefits and the agreed order was not signed by Looper. Although Continental is correct in noting that a client *may* be bound by actions or omissions of his counsel, Continental's argument ignores the fact that the ALJ's informed approval was necessary to give effect to the agreement between counsel in Looper's case. *See* KRS 342.265(1). Because of an ALJ's unique role in approving settlements in workers' compensation cases and in view of the reopening authority statutorily conferred on an ALJ, we conclude the ALJ did not abuse his broad discretion in vacating, on the grounds of mistake, his approval of the agreed order at issue [emphasis original].

This petition for review followed.

Continental continues to question the authority of the ALJ to vacate the agreed order absent Looper's timely filing of a petition for reconsideration, notice of appeal, or motion to reopen. Looper counters by arguing that the agreed order was unenforceable because it was entered more than 30 days after the ALJ's award was entered and that KRS 342.265(1) requires the informed approval of the ALJ of an agreed order.

We conclude that the ALJ acted properly under KRS 342.125 which permits a reopening to amend the award to correct a mistake. In *Wheatley v. Bryant Auto Service*,[4] our Supreme Court acknowledged inconsistencies in previous decisions regarding the authority of an ALJ to correct an admitted error in applying the law. The Supreme Court noted that CR 60.02 permits a trial judge to correct such a mistake in a civil proceeding. The Supreme Court concluded that in light of the munificent, beneficent, and remedial purposes of the Workers' Compensation Act it was the General Assembly's intent that KRS 342.125 be liberally construed to permit an ALJ to reopen a final award that had not been appealed in order to correct an admitted mistake in applying the law as it existed at the time of the workers' injury.

Similarly, in *Fluor Construction International, Inc. v. Kirtley*,[5] counsel for the employer was not served with an order denying the employer's petition for reconsideration. Upon motion by the employer, the ALJ set aside the order and reissued it to enable the employer to file a timely notice of appeal. The Supreme Court relied on the analysis set forth in *Kurtsinger v. Board of Trustees of Kentucky Retirement Systems*,[6] in which the Supreme Court noted that CR 60.02 is a mistake-correcting rule which provides a trial court with broad discretion to vacate an order on the basis of mistake, inadvertence, or excusable neglect. In *Fluor*, the Supreme Court determined that although the ALJ did not cite the mistake provision of KRS 342.125, that the statute offered relief under the same circumstances as would be available under CR 60.02.

In this case, the ALJ's order vacating the agreed order that reduced the duration of Looper's benefits also did not cite KRS 342.125. However, as the Board explained, the agreed order did not provide for any consideration to be received by Looper in exchange for a reduction in his TTD benefits, nor was the agreement signed by or acknowledged by Looper, nor

---

4. 860 S.W.2d 767 (Ky.1993).

5. 103 S.W.3d 88 (Ky.2003).

6. 90 S.W.3d 454, 456 (Ky.2002).

did the ALJ give the agreed order his informed approval under KRS 342.265(1). Thus, we hold that when KRS 342.125(1)(c) is viewed as being a statutory equivalent to CR 60.02, that it was proper for the ALJ to vacate the agreed order on the ground that it was a mistake to reduce a claimant's benefits without consideration, without acknowledgement by the claimant, and without the ALJ's informed approval. Therefore, the ALJ did not abuse his discretion in granting the motion to vacate the agreed order.

Accordingly, the opinion of the Workers' Compensation Board is affirmed.

ALL CONCUR.