**Donald E. JAMES, Appellant,**

v.

**Thomas L. JAMES, Appellee.**

No. 2008–SC–000163–DG.

Supreme Court of Kentucky.

May 20, 2010.

Charles Thomas Hectus, Hectus & Strause PLLC, Louisville, KY, Counsel for Appellant.

Scott P. Zoppoth, Jennifer Lynn Hulse, The Zoppoth Law Firm, Louisville, KY, Counsel for Appellee.

Opinion of the Court by Justice SCOTT.

We granted discretionary review of an opinion and order of the Court of Appeals dismissing Appellant's appeal as untimely to again address the means by which a party may properly implement his or her right to appeal due to "excusable neglect based on a failure of a party to learn of the entry of the judgment or an order which affects the running of time for taking an appeal." CR 73.02(1)(d); CR 60.02. Having reviewed the matter, we agree with the opinion of the Court of Appeals in part, but also disagree in part and thus vacate the order dismissing the appeal and reinstate it for consideration of the appeal.

We do so because we disagree with the opinion of the Court of Appeals that the filing of the notice of appeal under CR 73.02, under these circumstances, divested the trial court of its right to extend the time for appeal (not exceeding ten days from the expiration of the original time) as the trial court's right to do this is specifically recognized by CR 73.02(1)(d), not withstanding the premature filing of the notice of appeal. Once extended, the notice of appeal filed within the forty-day window recognized by CR 73.02(1)(d) was effective to acquire jurisdiction for the appeal.

We agree, however, with the opinion of the Court of Appeals that the CR 60.02 relief granted "in the alternative" would have been otherwise ineffective to establish jurisdiction in the Court of Appeals. No "notice of appeal" was properly filed

thereafter, and the attempt by the trial court to establish such a filing by ordering the date of its filing changed to a date concurrent with the CR 60.02 order granting relief was invalid and, therefore, void. However, it was also invalid because the attempted CR 60.02 relief "in the alternative" was inconsistent with the original CR 73.02(1)(d) relief, as its effect would have been to invalidate it by changing the dates upon which the CR 73.02(1)(d) relief depended. Moreover, as such a "moving shell game" would unduly burden the appellate process, it constitutes an invalid usurpation of appellate powers.

## I. *Facts*

Insofar as pertinent, Appellant, Donald E. James, the sole trust beneficiary, filed the underlying action against Appellee, Thomas L. James, as trustee, alleging a breach of fiduciary duty which resulted in a loss to the trust res, and, in the end, Appellant. Following trial, the jury returned a verdict in favor of Appellee and final judgment was entered thereon on April 24, 2007. Thereafter, Appellant filed a motion for a new trial, or in the alternative, for Judgment Notwithstanding the Verdict (JNOV).

Affidavits filed of record allege that subsequent to the submission of this motion, Appellant's counsel directed his law clerk to check CourtNet to determine the status of the motion and he was thereafter advised that the case was not on CourtNet. Counsel then directed the law clerk to periodically check with the Circuit Court Clerk's office to monitor the status of the motion and the eventual order. Subsequent to the filing, the law clerk advised Appellant's counsel several times that she had contacted the Circuit Court Clerk's office by phone and that the motion had yet to be ruled upon. Appellant's counsel also made several calls to the clerk to determine the status. Ultimately, a Notice of Submission was filed with respect to the motion.

Affidavits also indicate that Appellant's counsel called the Circuit Court Clerk's office on September 6, 2007, and, for the first time, was advised that the court had signed the order denying the motion for a new trial and JNOV on July 31, 2007 and the order was entered of record on August 1, 2007.[1] A copy of the order was immediately requested and received by counsel on Friday, September 7, 2007. Counsel for Appellant asserted, his belief is that, "for whatever reason, the service copy from the clerk was probably misdelivered, or lost in the United States mail, and through no fault of appellant in particular or his counsel, we did not receive notice of denial of the motion or notice of entry of the final order." An affidavit filed by counsel's office manager, responsible for the mail, also asserts that Appellant's counsel's office did not receive notice of, or a copy of, the order until September 7, 2007; nor were any billing records created prior to this time billing for "review of the order."

Thereafter, on Monday, September 10, 2007, Appellant's counsel filed a notice of appeal with the Taylor Circuit Court Clerk's office and a motion requesting the court "to enter an Order pursuant to CR 73.02(1)(d) extending Plaintiff's time to appeal from the final Order entered herein on August 1, 2007."[2] The affidavits aforementioned were filed with the CR 73.02(1)(d) motion.

---

1. Included with the trial court's order was a distribution list certified by the Taylor Circuit Court Clerk indicating that both Appellant and Appellee were sent copies of the order. Counsel for Appellee acknowledged receipt of his copy on August 2, 2007.

2. The appeal was from both the final judgment and the order overruling the motion for new trial and/or JNOV.

In the motion, counsel submitted that the "court should exercise its discretion, pursuant to CR 73.02(1)(d) . . . to extend Plaintiff's time to appeal from the final order entered herein on August 1, 2007, so that Plaintiff can appeal from the final judgment," having noted previously in the motion that: "the final order was entered on August 1, 2007. The original time to appeal would have run on August 31st. An extension of ten days will suffice to extend the appeal time." The motion also noted:

10. The failure to receive notice can be deemed "excusable neglect." CR. 60.02 states:

*On motion a court may, upon such terms as are just, relieve a party or his legal representative from its final judgment, order, or proceeding upon the following grounds: (a) mistake, inadvertence, surprise, or excusable neglect . . .* The motion shall be made within a reasonable time . . . not more than one year after the judgment, order, or proceeding was entered or taken. A motion under this rule does not affect the finality of a judgment or suspend its operation.

(Emphasis in original).

Counsel also tendered a draft order with the motion as follows:

*IT IS HEREBY ORDERED* that Plaintiff's Motion to Extend the Time to Appeal from the Final Order previously entered herein on August 1, 2007, be, and it hereby is, GRANTED. The court specifically finds that Plaintiff has shown excusable neglect for failure to learn of the entry of judgment. The time to appeal is hereby extended, not exceeding ten (10) days from the date of the original time.

(Emphasis in original).

On October 22, 2007, the trial court granted the motion, but entered an order, as follows:

*IT IS HEREBY ORDERED* [ (emphasis in original) ] that Plaintiff's Motion to Extend the Time to Appeal from the Final Order previously entered herein on August 1, 2007, be, and it hereby is, GRANTED. The court specifically finds that Plaintiff has shown excusable neglect for failure to learn of the entry of judgment. The time to appeal is hereby extended, not exceeding ten (10) days from the date of the original time. *In the alternative,* [ (emphasis added) ] the Order entered on August 1, 2007, is vacated, and re-entered as of the date of this Order, and further, the Plaintiff's Notice of Appeal, previously tendered on September 10, 2007, is hereby ordered filed as of this date.

This order tracked the draft order tendered by Appellant *except* for the alternative relief portion. Appellant did not re-file a new notice of appeal following entry of this order.

Thereafter, on appeal, the Court of Appeals, issued a "show cause order" directing Appellant to show cause "why the above-styled appeal should not be dismissed for failure to timely file a notice of appeal." The appeal was thereafter dismissed by order of the Court of Appeals on February 4, 2008, concluding that:

On September 10, 2007, Appellant did not merely tender a notice of appeal with his motion to extend time. Rather, he filed the notice of appeal. At that point, the trial court became divested of the jurisdiction to rule on the motion. As stated in *City of Devondale v. Stallings,* 795 S.W.2d 954, 957 (Ky.1990), '[a] notice of appeal, when filed, transfers jurisdiction of the case from the circuit court to the appellate court.' Therefore, we have determined that the notice of appeal was filed in an untimely manner without any leave to do so.

In addition, while the trial court had the jurisdiction to dispose of the motion pursuant to CR 60.02, and while it had the authority, pursuant to *Kurtsinger* [*v. Board of Trustees of Kentucky Retirement Systems*, 90 S.W.3d 454 (Ky. 2002) ], to vacate the order of August 1, 2007, and to re-issue a new order based upon a finding of mistake or excusable neglect, we do not believe that the court also had the authority to modify the circuit clerk's record as it did by altering the previously recorded date of filing of the notice of appeal. Rather, we are of the opinion that Appellant was required to file a new notice of appeal within thirty days following entry of the order of October 22, 2007.

(Footnote omitted).

Appellant now contends that his appeal was proper under either the relief granted by the trial court pursuant to CR 73.02(1)(d) or CR 60.02, as his premature notice of appeal properly related forward under either rule. He also argues substantial compliance and that the order of the Court of Appeals violates his guarantee of one appeal as a matter of right pursuant to Section 115 of the Kentucky Constitution. Appellee, on the other hand, argues the premature filing of the notice of appeal vested jurisdiction in the Court of Appeals and therefore deprived the trial court of its jurisdiction to order the extension of time under CR 73.02(1)(d), that the "relation forward" doctrine does not apply to save a prematurely filed notice of appeal, and that a trial court has no authority to modify a circuit court clerk's docket entries.

## II. *Analysis*

### A. Extending the Time for Appeal Under CR 73.02(1)(d)

■ Appellee asserts that the trial court did not have jurisdiction to grant Appellant's ten-day extension of time after the filing of his notice of appeal. We disagree.

CR 73.02(1)(d) authorizes the trial court; under the stated circumstances, to relieve a party from his or her failure to appeal within the time allowed, providing: "[u]pon a showing of excusable neglect based on a failure of a party to learn of the entry of the judgment or an order which affects the running of the time for taking an appeal, the trial court may extend the time for appeal, not exceeding 10 days from the expiration of the original time."

■ The jurisdiction of a trial court to control its judgment is a different matter. Notably, a court only "has control over its judgment with a right to order a new trial, or alter, amend or vacate the judgment, either on motion or *sua sponte*, for ten days after entry of judgment...." *Johnson v. Smith*, 885 S.W.2d 944, 947 (Ky. 1994).

Other rules of procedure, however, can operate to re-invest a trial court with control over its judgment subject to the contingencies and time periods specified therein, i.e., CR 60.01, CR 60.02, and CR 60.03. This may be so even though an appeal is pending, in which case "the party commencing such proceeding shall promptly move the appellate court to abate the appeal until a final order is entered therein." CR 60.04; *see Wilson v. Commonwealth*, 761 S.W.2d 182, 184 (Ky.App.1988) ("The trial court and the Commonwealth appear to mistakenly believe that it would be improper to consider a motion to vacate a judgment made pursuant to RCr 10.02 or 11.42 while a direct appeal from the same judgment is pending.").

■ These separate rules work together at different levels because the judicial system is one system designed to operate efficiently in the attainment of fairness and justice. Ky. Const. § 109 ("The court

shall constitute a unified judicial system for operation and administration."). As such, our rules of procedure should not be interpreted in such a manner as to render them inconsistent with one another. *See Kurtsinger v. Board of Trustees of Kentucky Retirement Systems*, 90 S.W.3d 454, 456 (Ky.2002) ("We should not apply one rule in a manner that destroys another and eliminates its essential purpose."); *see also Fluor Construction International, Inc. v. Kirtley*, 103 S.W.3d 88, 90 (Ky.2003) ("[I]f the latter rule is applied literally, where appellate rights are implicated, the former rule is unavailable.").

■ Neither the ten-day limit for a trial court's control of its judgment, nor the acquisition of jurisdiction over the appeal by an appellate court, diminishes a trial court's right to extend the time for appeal under CR 73.02(1)(d), as each has its own purpose, separate and apart from the other.

Nor do *Monsour v. Humphrey*, 324 S.W.2d 813 (Ky.1959), *City of Devondale v. Stallings*, 795 S.W.2d 954 (Ky.1990), and *Johnson*, direct a different conclusion. As aforementioned, *Johnson* upheld the effectiveness of a prematurely filed notice of appeal. 885 S.W.2d at 950 ("The notices of appeal filed forthwith relate forward to the time when final judgment was entered disposing of post-judgment motions made by others."). *Stallings* dealt only with the question of "substantial compliance," where the notice of appeal omitted two indispensable parties. 795 S.W.2d at 955. It did note that "[a] notice of appeal, when filed, transfers jurisdiction of the case from the circuit court to the appellate court." *Id.* at 957. That is true, of course,

but otherwise, how could an appellate court act if it did not have jurisdiction? CR 73.02(1)(d) validates that jurisdiction. Quite clearly, the aforementioned comment in *Stallings* was not intended to deprive the rules discussed above of their purpose.

*Humphrey*, too, is inapposite. In *Humphrey*, the court had dismissed the appeal as the notice "did not show an amount in controversy sufficient to confer jurisdiction on [the] Court," as then required by KRS 21.070 (1959).[3] 324 S.W.2d at 814. The appellant had filed the first notice of appeal six days after entry of the judgment without disclosing the jurisdictional amounts. *Id.* Ten days after that, she filed a motion with the circuit court asking that the court fix the amount in controversy, to which the circuit court refused, noting it was "too late to amend [the] judgment." *Id.* Nine days later, but still within the original thirty-day period allowed by CR 73.02 for filing the notice of appeal, she filed a second notice of appeal, arguing that, as the first notice of appeal was a "nullity," there was no appellate jurisdiction, and therefore, the trial court did have the authority to amend the judgment to reflect the amount in controversy. The court properly responded, however, that:

> Necessarily, when a notice of appeal has been filed, the Court of Appeals has jurisdiction to determine the fact of whether there is a proper showing of a jurisdictional amount in controversy [under KRS 21.070 (1959)]. In other words, the Court has jurisdiction to determine the facts upon which its jurisdiction of an appeal depends. Since the Court of Appeals alone can determine whether an attempted appeal is effec-

3. KRS 21.070 (1959) stated:
   If a judgment does not, when construed in connection with the pleadings, certainly fix the value of the amount or thing in controversy, the court shall, upon the request of

either party, state in the judgment that the actual value in controversy, and this valuation shall be conclusive of the amount in controversy for the purposes of appeal.

tive, it is our opinion that when a notice of appeal has been filed, and until the Court of Appeals has dismissed the appeal for lack of jurisdiction, the circuit court is deprived of jurisdiction of the case to the same extent as when a valid appeal is pending.

*Humphrey,* 324 S.W.2d at 814–15. The court held that "the notice of appeal filed [earlier] was not a nullity, and the circuit court had no jurisdiction [later] to amend the judgment under KRS 21.070." *Id.* at 815. Again, however, *Humphrey* addressed the circuit court's powers of control (to amend) its judgment under KRS 21.070 (1959), it was not a comment on the relationship between a trial court and the appellate courts under other rules of procedure, such as CR 73.02(1)(d), 60.02, or 60.03. *See Kurtsinger,* 90 S.W.3d at 456; *Fluor Const.,* 103 S.W.3d at 90; *Wilson,* 761 S.W.2d at 184.

Here, Appellant filed his notice of appeal within the forty-day period allowed and at the same time as his motion requesting the trial court grant a ten-day extension of the time in which to appeal. Pursuant to CR 73.02(1)(d), the trial court had jurisdiction to consider the request to extend, notwithstanding that the notice of appeal was filed prior to the trial court's consideration of the extension. CR 73.02(1)(d).

■ It is clear that "an extension of time must be sought within 40 days from the date upon which the time for the taking of the appeal began to run," under CR 73.02(1)(d). *Rodgers v. Henderson,* 612 S.W.2d 743, 744 (Ky.App.1980). In the interest of allowing the opposing party a chance to respond, the trial court, however, may not rule on the motion until after the expiration of the forty day period. *Id.* at 744–45. *Rodgers* cautioned, however, that the order should then be issued *nunc pro tunc. Id.* at 745.

Appellee asserts that to preserve one's rights to petition a trial court for an extension of time for the appeal under CR 73.02(1)(d), the appeal may not be filed, only "tendered for filing"; otherwise, jurisdiction vests in the appellate court and the trial court is divested of the right to order the extension. We again disagree.

On this point, *Rodgers* notes only that "[a]s long as the appellant moves to file the notice of appeal within 10 days from the date that it was originally due pursuant to CR 73.02(1)(a), and tenders a copy of that notice, the circuit court may grant such an extension upon a proper showing of excusable neglect." 612 S.W.2d at 745. *Rodgers* thus merely reflects that the tendering of the notice of appeal is *as good as* the actual filing. Otherwise, a notice of appeal *filed after* the expiration of the forty days, and after the order, would still be untimely. "There is no rule, and no sound judicial policy, forbidding such construction." *Johnson,* 885 S.W.2d at 950.

### B. Prematurely Filed Appeals

■ As a part of his argument, Appellee also asserts that an appeal filed prematurely to an order allowing it cannot be effective as an appeal or "relate forward" to the later order. It is correct that "[a] rule requiring automatic dismissal for a tardy appeal in civil cases is necessary to provide finality to the trial court's judgment so that the litigant prevailing at the trial level can then execute on the judgment or otherwise enforce the terms of a final order." *Johnson,* 885 S.W.2d at 950. "But the reasons for finality that provide the underpinning for mandating automatic dismissal of a *tardy* notice of appeal do not adhere to a *premature* notice of appeal. ..." *Id.* Certainly, "[t]he federal courts have long construed a notice of appeal filed prematurely as relating forward and filed after entry of judgment."

*Id.* at 949; *see also FirsTier Mortgage Co. v. Investors Mortgage Insurance Co.*, 498 U.S. 269, 273, 111 S.Ct. 648, 112 L.Ed.2d 743 (1991) ("The Rule[, FRCP 4(a)(2),] recognizes that, unlike a tardy notice of appeal, certain premature notices do not prejudice the appellee and that the technical defect of prematurity therefore should not be allowed to extinguish an otherwise proper appeal.")

Moreover, in *Board of Regents of Western Kentucky University v. Clark*, 276 S.W.3d 819 (Ky.2009), we upheld the validity of a prematurely filed appeal. Relying upon the reasoning in *FirsTier Mortgage Co.*, and *Johnson*, we pointed out:

> [D]espite the premature nature of these notices, they nonetheless "put appellees on notice of the intent to appeal *before* expiration of the thirty day time limit in CR 73.02(1)(a), and thus served the essential purpose of the rule." Furthermore, this Court noted that the particular circumstances of the *Johnson* case—where a litigant could have mistakenly believed that a final judgment had been entered and where the trial court's non-final order would be appealable if followed by the formal entry of judgment—suggested that it would not be unreasonable to file a notice of appeal prematurely.

*Id.* at 821 (internal citations omitted) ("Therefore, we hold that as in *Johnson, supra,* Clark's notice of appeal can relate forward to the time when the trial court's interlocutory judgment became final and can be properly heard and decided by the Court of Appeals.") Like *Johnson,* CR 73.02(1)(e)(i) (effective in 2009) now recognizes the validity of prematurely filed notices of appeal and their effectiveness "when an order disposing of the last such remaining motion is entered." Under CR 73.02(1)(e)(i), if the judgment is thereafter altered or amended, or a party intends to challenge a post-judgment order on such motions, he may then file a "notice of appeal, or an amended notice of appeal, within the time prescribed" from the entry date of "the last such remaining motion." CR 73.02(1)(e)(ii). However, if there is no change post-judgment, he does not.

Here, Appellant filed his notice of appeal on September 10, 2007 (within the forty-day time period allowed by CR 73.02(1)(d)) along with his motion requesting the ten-day extension and citing his grounds for "excusable neglect." On October 22, 2007, the trial court entered the order extending the time for appeal by ten days, finding that Appellant had shown "excusable neglect for [the] failure to learn of the entry of [the] judgment." This was sufficient.

However, the trial court also added relief *in the alternative,* vacating the August 1, 2007 order denying the motion for new trial and JNOV, ordering it "re-entered" as of October 22, 2007. In addition, it ordered that Appellant's "notice of appeal, previously tendered on September 10, 2007, is hereby ordered filed *as of this date.*" (Emphasis added). This alternative theory of relief varied from the relief suggested by Appellant's order tendered with the motion, which proposed only the ten-day extension of time.

Aside from the issue created by the trial court's alternative relief, Appellant's notice of appeal appeals from the correct judgment and order overruling Appellant's motion for new trial and JNOV, although one may consider the date of the order overruling may have changed under the alternative relief. That being said, there is simply nothing that needs to be amended in the notice of appeal to disclose the order or judgment appealed from. Thus, Appellee was put on notice of the appeal and the matters appealed from within the appropriate time allowed under CR 73.02(1)(d).

Appellee also asserts, and the Court of Appeals agreed, that Appellant had to file a *new* notice of appeal within ten days of the October 22, 2007 order, even though such a filing would be outside the window of forty days allowed under CR 73.02(1)(d). The question then becomes, why and what for?

■ Such a premise does not appear from the language of 73.02(1)(d) and runs contrary to the logic of *Johnson, Board of Regents of Western Kentucky*, and *FirsTier Mortgage Co.*, all of which are based upon a common-sense rule: that if an otherwise appropriate notice of appeal is filed as to an order or judgment of a trial court and it appears otherwise reasonable under the circumstances, precedents, and the rules of procedure applicable to have done so, the notice of appeal may operate prospectively. Thus, in this instance, we disagree with the opinion of the Court of Appeals.

Here, the filing of the notice of appeal within the context of CR 73.02(1)(a), along with a reading of CR 73.02(1)(d), indicates a cautious and reasonable approach to the dilemma with the view that the trial court, by giving Appellee a chance to respond, would not, in most instances, be able to rule on the motion prior to the running of the forty-day time period. Appellee's construction of *Rodgers* notwithstanding, a plain reading of CR 73.02(1)(a) and (d) would counsel *against* waiting to file the notice of appeal *past* the forty-day period provided in the statute.

Although, we have already noted that *Rodgers* merely approved the tendering of the notice of appeal within the forty-day time period, and did not purport to prohibit its filing as we now clarify, we also note that *Rodgers* was premised upon the later issuance of a *nunc pro tunc* order, which is not the case herein, as the order extending the time period was effective only as of the date of its entry, October 22, 2007, which we find is appropriate and reasonable under the power granted the circuit court to extend the time for filing as envisioned by CR 73.02(1)(d). It is more appropriate to resolve procedural issues by a plain reading of the rule rather than the employment of tricks of time.

Thus, to the extent that *Rodgers* holds that the trial court must enter a *nunc pro tunc* order to extend the time to appeal for ten days under CR 73.02(1)(d)—in the event the trial court cannot, for reasons of fairness, enter the order within the forty-day window—*Rodgers* is overruled.

We hold, therefore, that upon the entry of the trial court's order on October 22, 2007 granting Appellant the ten-day extension as requested under CR 73.02(1)(d), said order was effective to grant the extension of time and the notice of appeal, although filed prematurely, was effective as of the date filed, given the order of extension.

## C. The Alternative Relief

### 1. Ordering the Filing Date Changed on the Notice of Appeal

■ In its order of October 22, 2007, the trial court also attempted to grant relief "in the alternative" by vacating the August 1, 2007 order overruling Appellant's motion for new trial and/or JNOV and ordering it re-entered as of October 22, 2007. In addition, it directed that "the Plaintiff's Notice of Appeal, previously tendered on September 10, 2007, is hereby ordered filed as of this date."

However, as we noted in *Excel Energy, Inc. v. Commonwealth Institutional Securities, Inc.*, 37 S.W.3d 713 (Ky.2000), "tendered" and "filed" have different meanings, to wit:

Excel did not file the notice of appeal when it time stamped the notice and left it in the Clerk's office for processing. At most, it merely tendered the notice to the Clerk to be filed on the same date that was time stamped on the notice. In so doing, Excel assumed the risk that the Clerk would not be able to file the notice as tendered because the filing fee had not been paid.

*Id.* at 716. In this instance, the notice of appeal had not only been tendered, but filed. Thus, under CR 73.03(2), the circuit clerk had the responsibility to "serve notice of its filing by mailing a copy showing the date filed and a copy of the official docket sheet to the clerk of the appellate court and to the attorney[s] of record." *See also* CR 5.05(3) ("The clerk shall endorse upon every pleading and other papers filed with him in an action the date of its filing.").

However, there is no authority or rule, applicable in this instance, granting to the circuit courts the authority to change the responsibilities or records of the circuit or appellate court clerks. *See* CR 73.03(2); *see also Stewart v. Kentucky Lottery Corp.*, 986 S.W.2d 918, 921 (Ky.App.1999) ("[T]he circuit court did not err by denying appellant's CR 60.01 and CR 60.02 motion seeking to correct the record by changing the controlling dates noted in the clerk's docket.").

If trial courts were granted the general authority to alter a circuit clerk's records to adjust the filing dates, it would wreak havoc on the rules set forth by which appellate procedures are governed in this Commonwealth. The date a pleading or other document has been filed with the clerk should not be altered at the will of a trial court, and thus the trial court's order attempting to change the noted date upon which Appellant's notice of appeal was filed was invalid and void.

## 2. The Alternative Relief was Inconsistent

The question still remains, however, as to the effect of the trial court's attempt of granting alternative relief, i.e. the vacation and re-entry of the order overruling Appellant's motion for a new trial and/or JNOV. We noted, in *Kurtsinger,* 90 S.W.3d at 455, that, upon a finding of excusable neglect, "a trial court may vacate a CR 59.05 order under CR 60.02 upon a finding that a party did not receive notice of entry of the order." The finding of "excusable neglect" in *Kurtsinger* was based upon the trial court's own acknowledged mistake of failing to mail the notice to the affected party, rather than an argument as to whether or not it had been received after proper mailing. *Id.* We also noted that the appellate rules, particularly CR 77.04, *do not* override the "mistake correcting rule" of CR 60.02. *Id.* at 456; *see also Fluor Const.,* 103 S.W.3d at 90 ("[P]ursuant to CR 60.02 the trial judge acted within his broad discretion in vacating his original order and entering a new one.").

The question left unargued by the parties then is: what is the effect of the court's "alternative" relief? Having already addressed the extension of time issue, it is clear that the notice of appeal filed on September 10, 2007, was effective since it was filed within the forty-day window encompassed by the trial court's extension of the time to appeal under CR 73.02(1)(d). Does the trial court's relief "in the alternative" then *vacate* the date of August 1, 2007, as the beginning date for calculating the time of appeal under CR 77.04(2), undercutting the previous calculation of forty days under CR 73.02(1)(d)?

Under *Fluor Const.* and *Kurtsinger,* we clearly held that *it does* under appropriate circumstances when based upon a finding of "excusable neglect." *Fluor Const.,* 103

S.W.3d at 90; *Kurtsinger,* 90 S.W.3d at 458. Yet, by contrast, we also noted in *Kurtsinger* that "[w]e should not apply one rule in a manner that destroys another and eliminates its essential purpose," and unless "harmony is possible . . . such would be the result." 90 S.W.3d at 456.

While *Johnson,* deals primarily with the rule of "relation forward" as applied to premature notices of appeal, we quoted approvingly therein from *Ready v. Jamison,* 705 S.W.2d 479, 482 (Ky.1986) concerning our policy on our rules of procedure, to wit: "we seek to recognize, to reconcile and to further three significant objectives of appellate practice: achieving an orderly appellate process, deciding cases on the merits, and seeing to it that litigants do not needlessly suffer the loss of their constitutional right to appeal." Thus, we should not read one rule to *needlessly* deprive another of its intended purpose. "One procedural rule or statute does not supersede another merely by providing an alternative means for obtaining the same type of [relief]." *Perry v. Commonwealth, ex rel. Kessinger,* 652 S.W.2d 655, 659 (Ky.1983). Moreover, it is mandated that our "rules shall provide for expeditious and inexpensive appeals." Ky. Const. § 115. And we should always remain cognizant that what we do could "turn a system that was designed to promote efficiency into a trap for the unwary." *Manly v. Manly,* 669 S.W.2d 537, 540 (Ky.1984) (Leibson, J., dissenting).

Here, the circuit court attempted, first by CR 73.02(1)(d), to extend the time within which an appeal could be taken based upon its finding of "excusable neglect." As we have indicated, this was accomplished. Were this not so, as it obviously feared (since its order was not entered until October 22, 2007), it intended "in the alternative" to extend the time for appeal—based upon the same factual find-ing—by vacating and reentering the August 1, 2007 order overruling Appellant's motion for new trial and/or JNOV under CR 60.02. Notably, Appellant's draft order for the relief requested did not provide for this alternative relief, so we can only surmise as to why it was added.

The point is, however, the trial court believed for the alternative relief to be effective, a *new* notice of appeal would need to be filed *after* the re-entry of the order overruling Appellant's motion for new trial and/or JNOV. We may only assume that it believed that the notice of appeal filed on September 10, 2007 under the motion requesting an extension of time under CR 73.01(1)(d) would not be effective as a notice of appeal for relief granted under CR 60.02 on October 22, 2007. To this proposition we would agree, as we are not inclined, under the authority cited above, to recognize the effectiveness of a notice of appeal filed under one motion as effective "looking forward" to relief granted under another. Thus, "in the alternative," the trial court attempted to accomplish a re-filing of Appellant's notice of appeal by directing a change in the clerk's records as to the date of its filing.

However, for reasons that the trial court's relief in this instance was structured "in the alternative," and the further fact that such alternative relief was inconsistent with the primary relief granted under CR 73.02(1)(d)—it invalidated it by changing the date from which the appeal time would then be calculated—the only relief actually granted by the trial court in its order of October 22, 2007 was the ten-day extension of the time to appeal pursuant to CR 73.02(1)(d).

Where it is apparent that alternative relief granted by a trial court is inconsistent with the primary relief intended, in that the effect of the alternative relief would destroy the primary relief intended

to have been granted, the alternative relief will be held to be invalid. Whether we do this on the patent inconsistency of the alternative relief, or on the basis that it usurps our appellate powers, makes little difference. *See Keck v. Hafley*, 237 S.W.2d 527, 530 (Ky.1951) (One "is not entitled to both remedies because a judgment granting such double relief would be inconsistent."); *Walker Mfg., Inc. v. Hoffmann, Inc.*, 261 F.Supp.2d 1054, 1087 (N.D.Iowa 2003) ("To enjoin future sales and at the same time make an award based on future profits from the prohibited sales would result in duplicating and inconsistent relief...."); *Panterra Corp. v. American Dairy Queen*, 908 S.W.2d 300, 300 (Tex.App.1995) ("The parties request that we dismiss the appeal and affirm the judgment of the court below. We cannot do both."); *Ferguson v. DRG/Colony North, Ltd.*, 764 S.W.2d 874, 880 (Tex.App. 1989) ("In granting appellee a specific award of damages 'in the event an appellate court of final review reverses the judgment of rescission,' the trial court sought to exercise the duty and authority expressly granted to [appellate] courts of appeals as part of their appellate jurisdiction. The court below was without authority to do so, and that portion of its judgment is erroneous."); *Heezen v. Aurora County*, 83 S.D. 198, 157 N.W.2d 26, 32 (1968) (award of permanent damages for taking and injunctive relief against future taking are inconsistent).

The alternative relief being invalid, there was no valid vacation or reentry of the August 1, 2007 order and thus, the notice of appeal, as filed on September 10, 2007 was effective pursuant to CR 73.02(1)(d), not CR 60.02.

For the foregoing reasons, we affirm the opinion of the Court of Appeals in part and reverse in part, but vacate the order dismissing the appeal, and remand this matter to the Court of Appeals for consideration of the appeal.

All sitting. ABRAMSON, CUNNINGHAM, NOBLE, SCHRODER, and VENTERS, JJ., concur.

MINTON, C.J., dissents by separate opinion.

MINTON, C.J., dissenting:

Because I believe the trial court lost jurisdiction over this case once Appellant filed his notice of appeal, I respectfully dissent. To rescue the Appellant from himself, the majority opinion errs by sacrificing longstanding precedent that was clear and easily applied. I fear that the result we reach today will muddy the waters for courts and practitioners going forward.

Over fifty years ago, our predecessor Court held that a trial court loses jurisdiction over a case when a notice of appeal has been filed: "Since the Court of Appeals alone can determine whether an attempted appeal is effective ... when a notice of appeal has been filed ... the circuit court is deprived of jurisdiction of the case to the same extent as when a valid appeal is pending." *Monsour v. Humphrey*, 324 S.W.2d 813, 814–15 (Ky. 1959). More recently, we have held that "[a] notice of appeal, when filed, transfers jurisdiction of the case from the circuit court to the appellate court. It places the named parties in the jurisdiction of the appellate court." *City of Devondale v. Stallings*, 795 S.W.2d 954, 957 (Ky.1990). *Accord Johnson v. Commonwealth*, 17 S.W.3d 109, 113 (Ky.2000) ("As a general rule, except with respect to issues of custody and child support in a domestic relations case, the filing of a notice of appeal divests the trial court of jurisdiction to rule on any issues while the appeal is pending."); *Young v. Richardson*, 267 S.W.3d

690, 695 (Ky.App.2008) ("it is the law in Kentucky that, with certain narrowly circumscribed exceptions, the circuit court is divested of jurisdiction over a case when a notice of appeal is filed. . . .").

The majority cites some of this precedent, but then somehow engages in a reverse-plain meaning analysis to conclude that those opinions were "not intended to deprive" a trial court of jurisdiction over a case once a notice of appeal is filed, ostensibly because of other civil rules.

I readily agree with the majority that our civil rules are meant to function in harmony with each other and that some rules may permit a trial court sometimes to reacquire jurisdiction over a case that is on appeal. For example, CR 60.04 permits a party to move an appellate court to abate an appeal when a motion for relief is filed under CR 60.02 or 60.03. But the majority does not suggest that Appellant filed a motion to abate his appeal under CR 60.04.

In the absence of a timely CR 60.04 motion, the Court of Appeals acted properly in this case by relying upon a half-century of precedent that unmistakably holds that filing a notice of appeal transferred jurisdiction of the case to the appellate court, which, in turn, meant that the trial court lacked jurisdiction to enlarge the time within which to file an appeal. *City of Devondale*, 795 S.W.2d at 957. Such a conclusion is completely logical and broadly useful. After all, why would a party need an extension of time to file a document that has already been filed? Unlike the majority, I am unwilling to bend—if not break—our Rules of Civil Procedure and precedent to rectify a clear procedural error made by Appellant's counsel.

Frankly, the proper course of action for someone in Appellant's unfortunate position, who has failed to receive timely the trial court's order denying a motion for a new trial, should not have been baffling. The proper steps to take in those situations are laid out concisely and clearly in *Rodgers v. Henderson*, 612 S.W.2d 743 (Ky.App.1980). As the Court of Appeals held in *Rodgers:*

> The workload of the circuit courts and practical considerations dictate that the [motion for an extension of time under CR 73.02(1)(d) ] cannot always be heard within the 10–day period of time. As long as the appellant moves to file the notice of appeal within 10 days from the date that it was originally due pursuant to CR 73.02(1)(a), and *tenders* a copy of that notice, the circuit court may grant such an extension upon a proper showing of excusable neglect. If the motion cannot be ruled upon until after the 10–day period has passed, a nunc pro tunc order should be issued.

*Id.* at 745 (emphasis added). So Appellant clearly could have extricated himself from his procedural predicament had he followed *Rodgers* and: (1) timely filed a motion for extension of time and (2) tendered—not filed—his notice of appeal.

I also do not believe CR 60.02 affords Appellant any relief. Although Appellant did apparently seek relief based upon CR 60.02, the mere filing of a CR 60.02 motion does not extend the thirty-day time in which a notice of appeal must be filed. *See* 7 the late KURT A. PHILLIPS, JR., DAVID V. KRAMER & DAVID W. BURLEIGH, *KENTUCKY PRACTICE SERIES RULES OF CIVIL PROCEDURE, RULE* 73.02 (6th ed. 2007) ("A motion pursuant to CR 60.02 does not toll the 30–day time requirement for filing a notice of appeal. CR 73.02 does not specify 60.02; thus, a party should be cautious when filing a post-judgment motion to specify the Rule on which the motion is predicated to insure that the time for filing the notice of appeal is held in abeyance.") (internal foot-

note omitted). In fact, the trial court's order purporting to extend the time for Appellant to appeal is nonsensical on its face since Appellant had already filed a notice of appeal, and the order makes no mention of CR 60.02. And, even if it did, I agree with the majority that any attempted relief based upon CR 60.02 under these facts "would have been ... ineffective to establish jurisdiction in the Court of Appeals. No 'notice of appeal' was properly filed thereafter ... and the attempt by the trial court to establish such a finding ... was invalid ..." In other words, even if the trial court had somehow granted Appellant relief under CR 60.02, Appellant failed to take advantage of that relief when he inexplicably failed to file a new and timely notice of appeal.

I believe that once Appellant filed his notice of appeal—instead of merely tendering it along with his CR 73.02(1)(d) motion, as precedent required—the circuit court was divested of jurisdiction. Therefore, consistent with our clear precedent, I would affirm the decision of the Court of Appeals to dismiss Appellant's appeal. Because the majority regrettably comes to a different conclusion, I respectfully dissent.