Jane Colleen YOUNGER, Appellant,

v.

EVERGREEN GROUP, INC., University Medical Center, Inc., Wehr Constructors, Inc., Appellees.

No. 2009–SC–000814–DG.

Supreme Court of Kentucky.

March 22, 2012.

Kenneth L. Sales, Joseph Donald Satterley, Paul Jason Kelley, David G. Bryant, Sales, Tillman, Wallbaum, Catlett & Satterley, Louisville, KY, Counsel for Appellant.

Eric R. Collis, Petersen S. Thomas, Joseph Patrick Hummel, Lynch, Cox, Gilman & Goodman, PSC, Louisville, KY, Counsel for Appellees, Evergreen Group, Inc.

Carol Dan Browning, Thad Montgomery Barnes, Jamie Kristin Neal, Stites & Harbison, Louisville, KY, Counsel for Appellee, University Medical Center, Inc.

John Anderson Sheffer, Robyn Bell Stanton, Sheffer Law Firm, PLLC, Louisville, KY, Counsel for Appellee, Wehr Constructors, Inc.

Opinion of the Court by Justice CUNNINGHAM.

On February 25, 2005, Appellant, Jane Colleen Younger, filed a complaint in Jefferson Circuit Court against S.D. Environmental, Inc.; Evergreen Group, Inc.; University Medical Group; and Wehr Constructors, Inc. Appellees were conducting a renovation project in Louisville, near Appellant's place of work. In the complaint, Appellant alleged that Appellees negligently caused her to have occupational asthma and other injuries arising out of the renovation work.

During the litigation of this case, Appellant's initial counsel was appointed to the bench. Appellant then obtained her current counsel, who filed a notice of substitution on July 16, 2008.

While the case was still in the discovery stage, each Appellee moved for summary judgment. Nearly three months after the trial court had granted summary judgment for the Appellees, Appellant filed a motion for a status conference on the case. Appellant's counsel claimed that they had not received copies of the summary judgment orders and that they were unaware summary judgment had been granted. Subsequently, they filed a motion to vacate the judgment pursuant to CR 60.02(a).

At the February 16, 2009 hearing on the CR 60.02 motion, the trial court stated: "When you all [Appellant's current counsel] substituted in, I had a different clerk at that time and I did not—and that clerk did not enter [you on] the mailing list and there are so many lawyers involved in this that when I sent out the order that all of the—your name, Joe [Satterley]'s name was just missed." The trial court granted the motion, finding in its order that "through some clerical error, [Appellant] may not have received the final orders entered in this case." The trial court set aside the original orders granting Appellees' motions for summary judgment and "re-granted" summary judgment in favor of all of the Appellees on February 26, 2009.

On March 3, 2009, Appellant filed a notice of appeal from the trial court's February 26, 2009 order(s) granting summary judgment. Appellees moved to dismiss Appellant's direct appeal as being untimely, pursuant to CR 3.02(1)(a). The Court of Appeals agreed and granted the Appellees' motions to dismiss.[1]

In its order dismissing, the Court of Appeals found the trial court improperly granted Appellant's CR 60.02 motion. Thus, the appeal became untimely because the 30–day time limit for filing a notice of appeal, under CR 73.02($l$)(a), ran from the initial summary judgments rather than the judgment entered on February 26, 2009. Appellant then appealed that dismissal to this Court, and we granted discretionary review of the matter.

■ This case concerns a procedural question: Whether it is proper to review a trial court's order granting a CR 60.02 motion in a motion to dismiss. We find that a CR 60.02 order granted under subsections (a)–(e), such as this one, may be considered in a motion to dismiss.

Under CR 76.34(6)(a), a party may move to dismiss an appeal or cross-appeal because it is not within the jurisdiction of the appellate court. Several of our recent cases have reviewed trial courts' decisions granting CR 60.02 motions through motions to dismiss. *Fluor Const. Intern., Inc. v. Kirtley*, 103 S.W.3d 88 (Ky.2003); *Kurtsinger v. Board of Trustees of Kentucky Retirement Systems*, 90 S.W.3d 454 (Ky.2002); *Stewart v. Kentucky Lottery Corp.*, 986 S.W.2d 918 (Ky.App.1998). In this case, Appellees argued, and the Court of Appeals agreed, that the appeal was not within the jurisdiction of the Court of Appeals because it was untimely under CR 73.02($l$)(a). The rationale was that the trial court abused its discretion in granting

the CR 60.02 relief and, as a result, the time for filing the appeal actually ran from the entry of the initial summary judgments. It follows then that the appeal would not have been within the jurisdiction of the Court of Appeals since it was not filed within 30 days from the entry of the initial summary judgments. CR 73.02($l$)(a). Because the challenge to the CR 60.02 order was, in effect, one of jurisdiction, we find that it was properly considered in a motion to dismiss.

Appellant contends that relief granted under CR 60.02 is similar to CR 59.01 orders granting new trials. Since cross-appeals are required to contest CR 59.01 orders on appeal, she argues that a cross-appeal should be required to challenge CR 60.02 orders.

However, CR 60.02 orders are distinguishable from those granting new trials under CR 59.01. CR 59.01 orders necessarily involve substantive issues relating to the previous trial(s) and, thus, are usually intertwined with the merits of the appeal. Relief under CR 60.02, such as granted here, involves questions of clerical errors that are extraneous to the merits. There is no reason to require a cross-appeal or to consider the CR 60.02 order with the merits. In the interest of judicial economy, it is much more efficient to analyze CR 60.02 relief when deciding jurisdiction rather than passing the case to the merits only to determine that an appeal was untimely.

■ Although we agree with the Appellees that the CR 60.02 order was properly contested through the motion to dismiss, we find that the trial court did not abuse its discretion in granting CR 60.02 relief here. Decisions granting CR 60.02 relief are left to the broad discretion of the trial court. *Kurtsinger*, 90 S.W.3d at 456

---

1. Subsequent to the Court of Appeals' ruling, Appellant and S.D. Environmental settled their dispute. As a result, S.D. Environmental is no longer a part of this appeal.

(citing *Fortney et al. v. Mahan, et al.*, 302 S.W.2d 842, 843 (Ky.1957)). First, we note that the trial court had authority to grant relief from its final judgment pursuant to CR 60.02 without offending any of our other procedural rules. *James v. James,* 313 S.W.3d 17, at 26 (Ky.2010); *see also Fluor Const.,* 103 S.W.3d at 90. A court can grant relief pursuant to CR 60.02(a) upon the finding of "mistake, inadvertence, surprise or excusable neglect."

In *Kurtsinger,* we found that CR 60.02 relief was warranted where the trial court believed that a party failed to receive notice of a judgment due to some error made by the court or its staff. We believe that just such circumstances are present here. In the order granting the motion to dismiss, the Court of Appeals' opinion distinguished this case from *Kurtsinger.* It noted that here, unlike in *Kurtsinger,* Appellant's counsel's address was on the clerk's distribution list. However, this fact is not dispositive because the appellant in *James* was also on the trial court's distribution list and we upheld the finding of excusable neglect, albeit under CR 73.02(*l*)(d). *James,* 313 S.W.3d at 19 n. 1.

The Court of Appeals also found that the trial court's order was equivocal as to fault and whether Appellant received notice of the judgment. While the order does seem ambiguous, the trial court's acknowledgement of fault becomes much clearer in its verbal findings made at the hearing.

 Appellees argue that the verbal findings are inconsistent with the written findings and that the written findings must prevail. It is true that "[w]hen there is an inconsistency between oral statements of a court and an order reduced to writing, the latter must prevail." *Commonwealth v. Taber,* 941 S.W.2d 463, 464 (Ky.1997). However, a close examination of the two findings reveals that they are not inconsistent. The trial court did not deny making a mistake in its written order. In fact, it suggested the possibility that its own error prevented Appellant from receiving notice. The verbal findings merely solidify that possibility.

Even if there is some slight contradiction in the written and oral rulings, there is no evidence that discretion was abused. In this case, just as in *Kurtsinger,* "[t]he finding of 'excusable neglect' ... was based upon the trial court's own acknowledged mistake of failing to mail the notice to the affected party, rather than an argument as to whether or not it had been received after proper mailing." *James,* 313 S.W.3d at 26. We find that the trial court did not abuse its discretion in granting Appellant's CR 60.02 motion.

For these reasons, the opinion and order of the Court of Appeals is reversed and this cause remanded to the Court of Appeals for consideration of the merits of the summary judgment rulings.

All sitting. All concur.